733 F.2d 59
 Blue Sky L. Rep. P 71,968, Fed. Sec. L. Rep. P 91,443
Roger A. SURMAN and Kathleen M., his wife, Appellees,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, and David Richard
Wulf, Appellants.
 No. 83-1455.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 12, 1984.
Decided April 24, 1984.
 
 John J. Cole, Edwin L. Noel, Glenn E. Davis, St. Louis, Mo., for appellants; Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., of counsel.
 Robert H. Kubie, St. Louis, Mo., for appellees.
 Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) and David Richard Wulf, an account executive for Merrill Lynch, appeal from the order of the District Court for the Eastern District of Missouri, 559 F.Supp. 388, denying their motion to compel arbitration of appellees' pendent state law fraud claims and to stay such arbitration pending judicial resolution of appellees' federal and state securities law claims. Appellees Roger and Kathleen Surman are individual investors who entered into three standard brokerage agreements with Merrill Lynch, each containing an arbitration clause. For reversal appellants argue that the district court erred in refusing to enforce the arbitration agreements because of the joinder of non-arbitrable claims arising out of the same facts as the arbitrable claims. For the reasons discussed below, we reverse the judgment of the district court and remand with instructions.
 
 
 2
 Between December 1, 1979, and December 31, 1980, appellees opened several types of investment accounts with Merrill Lynch. Appellees signed three separate agreements with Merrill Lynch in order to obtain the firm's services as brokers. The first was a standard broker-investor agreement; the second was a standard option agreement; the third was a standard commodity account agreement. Each agreement contained a clause stating that any dispute arising between the parties would be submitted to arbitration.[1]
 
 
 3
 On July 28, 1982, appellees filed a four-count complaint in federal district court against appellants alleging loss of funds due to improper management of appellees' accounts and misrepresentations concerning the risk and profitability of the accounts. Count I sought damages under Sec. 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j (1976), and Rule 10b-5 of the Securities and Exchange Commission promulgated thereunder, 17 C.F.R. 240.10b-5 (1979) (anti-fraud provision). Count II sought damages under Missouri's Blue Sky law, Mo.Rev.Stat. Sec. 409.101 et seq. (1976). Count III sought damages based on common law fraud and Count IV sought actual and punitive damages also based on tort theory. The same acts and conduct of appellants formed the gravamen of each count.
 
 
 4
 On September 10, 1982, appellants brought a motion to compel arbitration of counts III and IV, the pendent state common law counts, and to stay such arbitration pending judicial resolution of counts I and II, the counts based on federal and state securities law. The district court denied the motion because the two sets of claims were based on the same facts and this appeal followed. Denial of the motion to compel arbitration is appealable under 28 U.S.C. Sec. 1292(a)(1) (1976) as an interlocutory decision refusing an injunction in an action requesting legal relief. Lee v. Ply*Gem Industries, Inc., 593 F.2d 1266, 1268-70 (D.C.Cir.), cert. denied, 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979) (Ply*Gem Industries ).
 
 
 5
 This case presents a dilemma arising out of an inherent conflict between two federal acts. The United States Arbitration Act, 9 U.S.C. Secs. 1-14 (1982), provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. Sec. 2. The Act was designed "to place arbitration agreements upon the same footing as other contracts." Scherk v. Alberto-Culver Co., 417 U.S. 506, 511, 94 S.Ct. 2449, 2453, 41 L.Ed.2d 270 (1974) (quoting H.R.Rep. No. 96, 68th Cong., 1st Sess. 1, 2 (1924)). It requires a federal court in which suit is brought "upon any issue referable to arbitration under an agreement in writing for such arbitration" to stay its hand while arbitration ensues. 9 U.S.C. Sec. 3.[2]
 
 
 6
 There is, however, an exception to the broad language of the Arbitration Act in the case of claims asserted under federal securities law. In Wilko v. Swan, 346 U.S. 427, 438, 74 S.Ct. 182, 188, 98 L.Ed. 168 (1953) (Wilko ), the Supreme Court held that an agreement for arbitration of issues arising under the Securities Act of 1933 is invalid and not enforceable against an investor. Recognizing that its holding did not comport with the language and underlying policy of the Arbitration Act, the Court reasoned and concluded as follows:
 
 
 7
 Two policies, not easily reconcilable, are involved in this case. Congress has afforded participants in transactions subject to its legislative power an opportunity generally to secure prompt, economical and adequate solution of controversies through arbitration if the parties are willing to accept less certainty of legally correct adjustment. On the other hand, it has enacted the Securities Act to protect the rights of investors and has forbidden a waiver of any of those rights. Recognizing the advantages that prior agreements for arbitration may provide for the solution of commercial controversies, we decide that the intention of Congress concerning the sale of securities is better carried out by holding invalid such an agreement for arbitration of issues arising under the Act.
 
 
 8
 Id. at 438, 74 S.Ct. at 188 (footnote omitted).
 
 
 9
 Lower federal courts have since held with consistency that Wilko applies equally to claims arising under the Securities Exchange Act of 1934 or regulations promulgated thereunder. See, e.g., Weissbuch v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 558 F.2d 831 (7th Cir.1977); Sibley v. Tandy Corp., 543 F.2d 540 (5th Cir.1976) (Sibley ), cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977); Ayres v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 538 F.2d 532 (3d Cir.), cert. denied, 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 619 (1976).
 
 
 10
 The bar to agreements that would compel arbitration of federal securities law claims is limited to claims expressly arising under the federal securities laws. Thus, in the present case the district court was presented with a complaint containing a federal security law claim which was clearly not referable to arbitration under the arbitration agreement and common law fraud claims which were.[3] Where arbitrable and non-arbitrable claims that are legally and factually separable are joined in a single action, courts have no difficulty in severing the action and compelling arbitration of the arbitrable claims while litigating the non-arbitrable claims. See, e.g., Macchiavelli v. Shearson, Hammill & Co., 384 F.Supp. 21, 30 (E.D.Cal.1974) (arbitrable contract claim severed from Rule 10b-5 claim).
 
 
 11
 There is a split of authority among the federal circuits, however, on whether this procedure should be followed when the arbitrable and non-arbitrable claims are factually intertwined, as they are in the present case. The Ninth Circuit has recently joined the Fifth and Eleventh Circuits in adopting the "intertwining doctrine," which permits federal courts to refuse to refer to arbitration arbitrable state claims when these claims are factually inextricable from non-arbitrable federal securities law claims. See Byrd v. Dean Witter Reynolds, Inc., 726 F.2d 552 (9th Cir.1984) (Byrd ); Belke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 693 F.2d 1023 (11th Cir.1982); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169 (11th Cir.1982); Sawyer v. Raymond, James & Associates, Inc., 642 F.2d 791 (5th Cir.1981); Miley v. Oppenheimer & Co., 637 F.2d 318 (5th Cir.1981) (Miley ); Sibley, 543 F.2d 540.
 
 
 12
 Two reasons are advanced to justify this judicially-created exception to the application of the Arbitration Act. First, it is maintained that denial of arbitration of the arbitrable claims is necessary in order to avoid any possible collateral estoppel effect of arbitration on the non-arbitrable federal securities law claims which would threaten the exclusive jurisdiction of the federal court over these claims. Miley, 637 F.2d at 335; Sibley, 543 F.2d at 542-43. Second, it is argued that it would be inefficient to bifurcate these mixed lawsuits into two separate proceedings, thereby frustrating the purpose of the Arbitration Act to encourage fast, inexpensive dispute resolution. Byrd, at 554. See also Cunningham v. Dean Witter Reynolds, Inc., 550 F.Supp. 578 (E.D.Cal.1982).
 
 
 13
 The Sixth and Seventh Circuits have rejected the federal securities law "intertwining" exception to the Arbitration Act. Liskey v. Oppenheimer & Co., 717 F.2d 314 (6th Cir.1983); Dickinson v. Heinold Securities, Inc., 661 F.2d 638 (7th Cir.1981) (Dickinson ). See also Kavit v. A.L. Stamm & Co., 491 F.2d 1176, 1182 (2d Cir.1974) (intertwining doctrine rejected in dictum). The D.C. Circuit has rejected the doctrine in the analogous situation of arbitrable pendent state claims joined with non-arbitrable federal antitrust claims. Lee v. Ply*Gem Industries, 593 F.2d at 1274-75. These courts concluded that neither rationale advanced in support of the doctrine justified litigating admittedly arbitrable claims. We agree with this position.
 
 
 14
 The concern over exclusive federal jurisdiction can be effectively addressed by controlling the sequence of the court and arbitration proceedings. By staying the arbitration proceeding pending judicial resolution of the federal securities law claim, the court would not relinquish its authority to decide matters within its exclusive jurisdiction. See Dickinson, 661 F.2d at 644; Applied Digital Technology, Inc. v. Continental Casualty Co., 576 F.2d 116, 117 (7th Cir.1978) (arbitration of fraud claim may be stayed pending judicial resolution of intertwined non-arbitrable antitrust claim); Ply*Gem Industries, 593 F.2d at 1275. See also University Life Insurance Co. of America v. Unimarc Ltd., 699 F.2d 846, 851 (7th Cir.1983) (court could decide not to give collateral estoppel effect to arbitrator's findings of fact in subsequent litigation of intertwined antitrust claim).
 
 
 15
 While we recognize that it might be more efficient to try all the related claims together, this is not sufficient grounds for finding an otherwise valid contractual arbitration provision unenforceable. C. Itoh & Co. v. Jordan International Co., 552 F.2d 1228, 1231-32 (7th Cir.1977), cited with approval by the Supreme Court in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., --- U.S. ----, 103 S.Ct. 927, 939 n. 23, 74 L.Ed.2d 765 (1983) (Cone Memorial Hospital ), held that a district court may not refuse to refer to arbitration a dispute between arbitrating parties related to a dispute between non-arbitrating parties on the ground of efficiency. In Cone Memorial Hospital, the Supreme Court recognized that in such circumstances a party may be forced to resolve related disputes separately, one in arbitration and the other in court, but that such a "misfortune" occurs because "the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement." 103 S.Ct. 939 n. 23 (emphasis in original).
 
 
 16
 The Court reaffirmed that the Arbitration Act is "a congressional declaration of a liberal federal policy favoring arbitration agreements," id. at 941, and cited Dickinson as supporting the proposition that "allegations of waiver, delay, or like defense to arbitrability" should be resolved in favor of arbitration. Id. at 941-42 & n. 31. We believe that these pronouncements fully support the conclusion that joinder with a factually intertwined non-arbitrable claim cannot succeed as a defense to arbitrability of an arbitrable claim.
 
 
 17
 Appellees argue that if their fraud claims are referred to arbitration, they will not be able to recover punitive damages. This, however, is what the parties contracted for.
 
 
 18
 Accordingly, we remand this case to the district court with instructions to refer counts III and IV of appellees' complaint to arbitration. In deciding whether arbitration of these counts should go forward immediately or await the outcome of the securities law claims, the district court should consider what ordering of arbitration and litigation would result in the most efficient resolution of the dispute between the parties.
 
 
 
 [1]
 The arbitration clause in the standard investor-broker agreement stated in part: "It is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration."
 The arbitration clause in the standard option trading agreement stated in part: "Any controversy between us arising out of such option transactions or this agreement shall be settled by arbitration only."
 The arbitration clause in the commodity account agreement stated in part: "Any controversy arising out of or relating to my account, to transaction with you for me or to this agreement or the breach thereof, shall be settled by arbitration."
 
 
 [2]
 Appellees argue that the three brokerage agreements are contracts of adhesion and that the arbitration clauses are therefore unenforceable. When presented with a standardized contract of adhesion, a court may deny giving effect to an "unconscionable" clause therein. See 6A A. Corbin, Contracts Sec. 1376, at 20-22 (1962). Thus appellees' argument is directed at the overreaching of the arbitration clause itself which is a matter for judicial determination. But see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 637 F.2d 391, 398 (5th Cir.1981) (investor's contentions of duress and unconscionability regarding standard brokerage agreements are to be decided by arbitrator not court). There is certainly nothing inherently unfair about the arbitration clauses, and they are therefore valid and enforceable
 
 
 [3]
 Appellants did not request that the claim under the state securities law be referred to arbitration. We note that this claim would be arbitrable. See Kroog v. Mait, 712 F.2d 1148 (7th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984)