**Jose Miguel ROJAS CANCANON and Elizabeth Ponce Luzardo, his wife, Plaintiffs,**

v.

**SMITH BARNEY, HARRIS UPHAM & CO., INC., Defendant.**

No. 85–0894–CIV.

United States District Court, S.D. Florida, Miami Division.

July 2, 1985.

H. Mark Vieth, Miami, Fla., for plaintiffs.

O'Bannon M. Cook, Miami, Fla., for defendant.

MEMORANDUM OPINION AND ORDER GRANTING RENEWED MOTION TO COMPEL ARBITRATION AS TO COUNTS II, III, AND IV AND DENYING RENEWED MOTION AS TO COUNT I

SPELLMAN, District Judge.

Plaintiffs, Jose Miguel Rojas Cancanon and Elizabeth Ponce Luzardo, originally filed a three count complaint against the defendant, Smith Barney, Harris Upham & Co., Inc. ("Smith Barney"), in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County Florida. On April 12, 1985, Plaintiffs' state court action was removed to this Court, pursuant to a petition for removal filed by the defendant.

Plaintiffs' original complaint alleged that Smith Barney was negligent and charged Smith Barney with civil theft by alleged misrepresentations and "churning" in connection with Plaintiffs' stock brokerage account.

Plaintiffs then filed a four count amended complaint adding as Count I a claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder and realleging the three state law claims from the original complaint (Counts II, III and IV).

Smith Barney has moved this Court for entry of an Order staying this action and compelling plaintiffs to submit their claims to arbitration in accordance with their contractual agreement with Smith Barney and pursuant to the mandate of the Federal Arbitration Act, 9 U.S.C. § 2. For the following reasons, said Motion is GRANTED as to the state law claims, Counts II, III, and IV, but DENIED as to the federal securities claim, Count I.

## I

■  When plaintiffs opened a securities account with Smith Barney, they signed a written agreement in which they agreed to arbitrate "[a]ny controversy between Smith Barney and [the plaintiffs] arising out of or relating to this contract or the breach thereof...." *See* Exhibit A to Motion to Compel Arbitration.

Title 9 of the United States Code, Section 2, the Federal Arbitration Act, provides in pertinent part:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract.

Plaintiffs' agreement with Smith Barney plainly comes within the ambit of the Act. The securities account with Smith Barney "evidence[s] a transaction involving commerce." *See Parry v. Bache & Co.*, 125 F.2d 493, 495 (5th Cir.1942). Moreover, plaintiffs' claims "aris[e] out of [the] contract" in that they all pertain to allegedly improper transactions in their account.

There can be no serious dispute as to whether the state law claims in Counts II, III and IV are subject to arbitration pursuant to plaintiffs' agreement with Smith Barney. Although plaintiffs contend that these claims are "intertwined" with their federal securities claim and that arbitration should therefore be denied, the Supreme Court in *Dean Witter Reynolds, Inc. v. Byrd*, — U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) unanimously rejected the "intertwining doctrine." The Court held unequivocally that the Federal Arbitration Act requires district courts to compel arbitration of arbitrable claims upon proper motion filed by either party. Accordingly, defendant's motion to compel ar-bitration is granted as to Counts II, III, and IV.

Whether Count I, the claim under Section 10(b) and Rule 10b–5 of the Securities and Exchange Act of 1934 (the "1934 Act"), is subject to arbitration, presents a somewhat more difficult question.

## II

In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that claims under § 12(2) of the Securities Act of 1933 (the "1933 Act") were not subject to arbitration under an agreement otherwise enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* In so ruling, the Court resolved a direct statutory conflict between the Federal Arbitration Act—which required arbitration—and § 14 of the 1933 Act, which declared "void" any "condition, stipulation or provision binding any person ... to waive compliance with any provision" of the 1933 Act.

Although the Supreme Court in *Scherk v. Alberto Culver Co.*, 417 U.S. 506, 513–14, 94 S.Ct. 2449, 2454, 41 L.Ed.2d 270 (1974) questioned the applicability of *Wilko* to claims arising under the Securities Exchange Act of 1934 because of the differences between the two Acts, it did not rule on the issue. Notwithstanding the Court's reservations in *Scherk*, many lower federal courts, including those in the Eleventh and former Fifth Circuit, have held that the *Wilko* exception to arbitration is also applicable to claims brought under the 1934 Act. *See, e.g., Raiford v. Buslease, Inc.*, 745 F.2d 1419, 1421 (11th Cir.1984); *Belke v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 693 F.2d 1023, 1025–26 (11th Cir. 1982); *Sibley v. Tandy Corp.*, 543 F.2d 540, 543 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). Indeed, the court in *Sibley* explicitly discussed the Supreme Court's reservations, but still chose to "adhere to the view that the similarities between the 1933 Securities Act and the 1934 Exchange Act far out-

weigh the differences which might exist, and that the widely held view that *Wilko* is applicable to both the 1933 and 1934 Acts is still correct." *Id.* at 543 & n. 3.

The defendant claims that the Supreme Court's recent opinion in *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) places these decisions in serious doubt and urges this Court to hold that claims under § 10(b) are subject to arbitration. But the application of the *Wilko* doctrine to the 1934 Act was not before the Court in *Byrd* and the Court explicitly declined to rule on it. It merely noted that it had previously expressed doubts on the issue in *Scherk* but that the *Wilko* doctrine nonetheless "has retained considerable vitality in the lower federal courts." *Id.* 105 S.Ct. at 1240 n. 1. Justice White, in his concurring opinion in *Wilko,* agreed that the question whether § 10(b) claims are arbitrable was not properly before the Court, but expressed his opinion that the applicability of *Wilko* to 1934 Act claims is "a matter of substantial doubt." *Id.,* 105 S.Ct. at 1244 (White, J., concurring). No other justices joined in this concurrence.

■ Thus, the Supreme Court in *Byrd* did not decide the issue and certainly did not overrule the pre-*Byrd* cases of the Eleventh and former Fifth Circuit which hold that claims under the 1934 are not subject to arbitration. These decisions are binding upon this Court until such time as they are overruled by the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit sitting *en banc. See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). The motion to compel arbitration must therefore be denied as to Count I.

In light of the foregoing, Defendant's Motion for Order Staying Discovery Pending Arbitration is DENIED. Discovery in this matter as to Count I shall proceed in accordance with the Federal Rules of Civil Procedure.