613 F.Supp. 1123 (1985)
Jay WEBB and Judy Webb, and Roy Webb and Mickey Webb, Plaintiffs,
v.
R. ROWLAND & COMPANY, INC., Douglas C. Gast, Randall Moore, William Brandt, and Paul L. Matecki, Defendants.
No. 85-1272C (A).
United States District Court, E.D. Missouri, E.D.
July 22, 1985.
Kenton E. Knickmeyer, Nicholas H. Ores, St. Louis, Mo., for plaintiffs.
Joseph F. Devereux, Jr., Timothy R. Barrett, Kevin F. O'Malley, Gary S. Godwin, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is before the Court on the motion of defendants, R. Rowland & Company, Inc., Douglas C. Gast and Paul L. Matecki, to compel arbitration. Plaintiffs' complaint enumerates several federal and state security law violations as well as a host of assorted common law causes of action. Subsequent to defendants' motion, plaintiffs filed an amended complaint adding a count seeking damages under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.
By their motion, the moving defendants seek an order compelling arbitration for not only the state-law claims, but also the federal-law claims against them. Alternatively, said defendants seek arbitration for the state-law claims and a stay of judicial proceedings on the federal-law claims pending the completion of the arbitration. Plaintiffs' federal-law claims, Counts II and III, arise under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the rules promulgated thereunder, 17 CFR 240.10b-5. This Court recognizes jurisdiction of this matter pursuant to 15 U.S.C. § 78aa; 28 U.S.C. § 1331, and pendent jurisdiction of the state-law claims.
Each plaintiff signed a Customer's Agreement providing that "[a]ny controversy between you and the undersigned * * arising out of or relating to this agreement of the performance or breach thereof shall be settled by arbitration." (Defendants' Exhibit A). It is this provision defendants want to enforce by their motion to compel arbitration.
Although section 3 of the Federal Arbitration Act permits a party to compel arbitration of any "issue referable to arbitration under an agreement in writing for such arbitration," 9 U.S.C. § 3, an exception to this statute has been established for certain federal claims. In Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) (Wilko), the Supreme Court held that an agreement to arbitrate issues arising under the Securities Act of 1933 is invalid *1124 and unenforceable against an investor. Id. at 438. The Eighth Circuit Court of Appeals in Surman v. Merrill Lynch, Pierce, Fenner & Smith, 733 F.2d 59 (8th Cir.1984) (Surman) (a case originating in this Court), expressed a view that Wilko also applies to claims arising under the 1934 Securities Exchange Act or regulations promulgated thereunder. Thus, as to plaintiffs' federal securities claims, 10(b) and Rule 10b-5, this Court must retain its jurisdiction.
Concerning plaintiffs' state-law claims, the recent Supreme Court opinion of Dean Witter Reynolds, Inc. v. Byrd, ___ U.S. ___, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (Byrd) offers controlling guidance. In Byrd, the Supreme Court decided the issue of "whether to compel arbitration of pendent state-law claims when the federal court will in any event assert jurisdiction over a federal-law claim." The Court held "that the [Federal] Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel." Id. at ___, 105 S.Ct. at 1241. Thus, as to plaintiffs' state-law claims, this Court may exercise no discretion but must order those claims into arbitration at defendants' behest.
Notably, Byrd also holds that "neither a stay of [arbitration] proceedings, nor joined proceedings, is necessary to protect the federal interest in the federal-court proceedings, and that the formulation of collateral-estoppel rules affords adequate protection to that interest." Id. at ____, 105 S.Ct. at 1243. This is not to say that the judicial proceeding, as to the federal claims, may not be stayed pending completion of arbitration. As such, this Court concludes that the interests of the parties and judicial efficiency would best be served by staying plaintiffs' federal-law claims against defendants pending resolution of the state-law claims.
This Court appreciates receiving Defendants' Exhibit D (Judge Limbaugh's memorandum and order in Causes No. 83-159C(5) and 83-1356C(5), filed 5/3/85.) Although Judge Limbaugh ordered certain 10(b) and Rule 10b-5 claims into arbitration, there is no indication from his memorandum that he considered the Eighth Circuit's view in Surman of Wilko's applicability to claims arising under the 1934 Securities Exchange Act. This Court, also on 5/3/85, in Cause No. 85-334C (A), has previously recognized and followed the view of Surman on this matter.
Accordingly, plaintiffs and said defendants, R. Rowland & Company, Inc., Douglas C. Gast and Paul L. Matecki, are ordered to initiate arbitration of the matters raised by Counts V (violations of § 409.411 RSMo.), VI (conspiracy to violate § 409.411 RSMo.), VIII (excessive trading of securities account), IX (conspiracy resulting from excessive trading of securities account), XI (fraudulent misrepresentation), XIII (breach of fiduciary duty), XV (negligence), XVI (common law duress), and XVII (breach of bailment duty) of the complaint within thirty days of the date of the entry of this order, or have said claims dismissed for failure to prosecute.
It is further ordered that matters raised by Counts II (violations of 15 U.S.C. § 78j(b) and 17 CFR 240.10b-5) and III (conspiracy to violate 15 U.S.C. § 78j(b) and 17 CFR 240.10b-5) of the complaint, and Count XVIII (18 U.S.C. § 1964) of the amended complaint, be stayed pending resolution of the arbitration of Counts V, VI, VIII, IX, XI, XIII, XV, XVI and XVII.