**John PEELE, Plaintiff,**

v.

**KIDDER, PEABODY & COMPANY, INC. and Richard C. Jensen, Jr., Defendants.**

**No. 85–0916–CV–W–8.**

United States District Court,
W.D. Missouri, W.D.

Oct. 16, 1985.

Robert A. Kumin, Kansas City, Mo., for plaintiff.

Mark S. Foster, Stinson, Mag & Fizzell, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

STEVENS, District Judge.

Plaintiff John Peele sues defendants Kidder, Peabody & Company and its employee-stockbroker, Richard C. Jensen, Jr., in five counts claiming various state and federal securities law violations and fraud. Counts I, III, and IV of plaintiff's complaint allege violations of sections 10(b) and 15(c) of the Securities Exchange Act of 1934 (hereinafter "the 1934 Act"), 15 U.S.C. § 78a *et seq.* Count II alleges violations of the Missouri Uniform Securities Act, Mo.Rev.Stat. § 409.411. Count V alleges common law fraud.

Before the court is defendants' motion to compel arbitration of all of the plaintiff's claims and to stay proceedings pending the completion of that arbitration. In October 1982, plaintiff opened an account with the defendants, Kidder, Peabody and executed an agreement that "[a]ny controversy arising out of or relating to accounts of or transactions with or for the undersigned or to this agreement or the breach thereof shall be settled by arbitration in accordance with the rules of either the American Arbitration Association or the New York Stock Exchange as the undersigned may elect." In January 1983, when plaintiff opened an options account with the defendants, he executed a similar agreement to submit any disputes to arbitration.

Defendants now seek to enforce these arbitration agreements pursuant to the Federal Arbitration Act (hereinafter the "Act"), 9 U.S.C. §§ 1–14. Section 4 of the Act authorizes either of the parties to an arbitration agreement to seek enforcement of its provisions in a federal district court. Section 3 of the Act provides for a stay of proceedings in any district court if the same issue is arbitrable under the parties' agreement.

Plaintiff alleges that this court should refuse to give effect to the parties' agreements, including the arbitration clauses, because they are adhesion contracts. The gravamen of plaintiff's argument is that the clause is unenforceable because it was not bargained for by the parties in an arms length transaction. Rather, the contracts were standard form agreements used industry-wide.

The court disagrees with plaintiff. While it is true that plaintiff signed a form contract widely used in the industry, there is absolutely no evidence that the terms were fundamentally unfair or overreaching. The arbitration provision does not place the plaintiff in such an inferior position as to require this court to rescind or rewrite the parties' contracts. *See Surman v. Merrill Lynch, Pierce, Fenner & Smith,* 733 F.2d 59, 61 n. 2 (8th Cir.1984); *Speck v. Oppenheimer & Co.,* 583 F.Supp. 325, 328 n. 4 (W.D.Mo.1984).

The court's inquiry does not stop here. Although the arbitration agreement is enforceable, there is still a question as to whether all of plaintiff's claims—especially the claims brought under the 1934 Act—may be arbitrated.

■ A recent United States Supreme Court decision, *Dean Witter Reynolds Inc. v. Byrd,* — U.S. —, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), held that the district courts *must* compel arbitration of pendent state-law claims even if those claims arise from the same set of factual occurrences as the federal claim(s) before the court. *Id.* 105 S.Ct. at 1241. The *Byrd* decision essentially adopts the Eighth Circuit position articulated in *Surman v. Merrill Lynch, supra* at 62. Accordingly, this court must compel arbitration of the state-law claims asserted in Count II and Count V of plaintiff's complaint.

■ The defendants argue that this court should also compel arbitration of the 1934 Act claims. The Supreme Court in *Byrd* expressly refused to reach this issue. In a footnote, however, it did question the lower federal courts' (including the Eighth Circuit's) widespread practice of extending *Wilko* [1] and refusing to compel arbitration of claims brought under the 1934 Act. The Court also reiterated that, years earlier, in *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), it had questioned the applicability of *Wilko* to claims arising under section 10(b) of the 1934 Act because the provisions of the 1933 and 1934 Acts differ and because section 10(b) of the 1934 Act, unlike section 12(2) of the 1933 Act, does not create a private right of action. *See Scherk* at 512–13, 94 S.Ct. at 2453–54.

Since the *Byrd* decision, the federal district courts have failed to construe uniformly the Supreme Court's language as to the arbitrability of claims brought under the 1934 Act. The majority of federal district courts, including the lower *Byrd* court on remand, have interpreted the Court to disapprove of their prior refusal to compel arbitration and have now begun to compel the arbitration of 1934 Act claims. *See Byrd v. Dean Witter Reynolds, Inc.,* Fed. Sec.L.Rep. (CCH) ¶ 92,225 (S.D.Cal. July 8, 1985), *Niven v. Dean Witter Reynolds, Inc.,* [1984–1985] Fed.Sec.L.Rep. (CCH) ¶ 92,059 (M.D.Fla. March 28, 1985), *Finn v. Davis,* 610 F.Supp. 1079 (S.D.Fla.1985), *Meyer v. Schmacker,* No. 83–1356 C(5) (E.D.Mo. May 3, 1985), *Houlihan v. Schmacker,* No. 83–159 C(5) (E.D.Mo. May 3, 1985). Some courts, however, have held that they will continue to refuse to compel arbitration of the 1934 Act claims until the Supreme Court holds that their practice is incorrect. *See Webb v. R. Rowland & Co.,* 613 F.Supp. 1123 (E.D.Mo.1985); *Rojas Cancanon v. Smith Barney, Harris Upham & Co.,* 612 F.Supp. 996 (S.D.Fla.1985).

This court agrees with those district courts that have held that *Byrd* and *Scherk,* together with the federal policy of favoring arbitration, *see Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), indicate that implied causes of action arising under the 1934 Act are arbitrable. Accordingly, it is

ORDERED that defendants' motion to compel arbitration of all of plaintiff's claims, including Counts I, III, and IV, is granted. It is further

ORDERED that any further disposition in this court is stayed pending arbitration of this matter. It is further

ORDERED that defendants shall keep this court informed as to the progress of the arbitration proceeding.

---

1. In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that pre-dispute agreements to arbitrate claims arising under section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), were not enforceable.