Louis L. PHILLIPS, and L.L. Phillips
Charities, Inc., Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., and Ben M.
Sirianni, Defendants.

Civ. No. 4–81–394.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 9, 1985.

Ted S. Meikle, Fredrikson & Byron, Terence M. Fruth, Fruth & Anthony, Minneapolis, for plaintiffs.

James B. Vessey, Dorsey & Whitney, Minneapolis, for defendants.

## MEMORANDUM OPINION
## AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Louis L. Phillips and L.L. Phillips Charities brought this action against defendants Merrill Lynch, Pierce, Fenner & Smith and Ben Sirianni alleging violation of federal and state securities laws, breach of contract and fiduciary duty, and negligence. After this court granted defendants' motion to compel arbitration of state law claims, a National Association of Securities Dealers, Inc. (NASD) arbitration panel found defendants liable to plaintiff Louis L. Phillips in the amount of $930,000 and to plaintiff L.L. Phillips Charities, Inc. in the amount of $196,700. By order dated September 19, 1985, the court confirmed the arbitration award. Plaintiffs had also sought prejudgment interest running from July 2, 1985, the date of the award, through the entry of this court's judgment. The court found that the parties had not sufficiently developed the law applicable to the motion for prejudgment interest and permitted the parties to submit additional briefs. The parties have now submitted their memoranda, and the motion for prejudgment interest is before the court.

The parties agree that plaintiffs are entitled to some amount of prejudgment interest. The parties disagree, however, about the rate of interest to be applied. Plaintiffs argue that, under federal law, they are entitled to prejudgment interest equal to their own interest costs. Defendants argue that the *Erie* doctrine requires the application of the law of Minnesota, Wisconsin, or New York, which provide rates of 6%, 5%, and 9% respectively. Plaintiffs argue that even if state law governs, the applicable Minnesota, Wisconsin, and New York statutes provide interest at rates of 9%, 9% and 12%, respectively.

■ Section 13 of the Federal Arbitration Act, 9 U.S.C. § 13, provides that a judgment entered by a federal court confirming an arbitration order

> shall have the same force and effect, in all respects, as, and be subject to all provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

While federal law provides the arbitration mechanism, a federal court's confirmation of an arbitration award setting state law claims is no different in effect from a federal court judgment based on diversity or pendent jurisdiction. Thus, state law governs the rate of prejudgment interest in this case. *See, e.g., Parsons & Whittemore Alabama Machinery and Services Corp. v. Yeargin Construction Co.*, 744 F.2d 1482, 1484 (11th Cir.1984); *Merit Insurance Co. v. Leatherby Insurance Co.*, 728 F.2d 943, 945 (7th Cir.1984). *See also Weitz Co. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382, 1383, 1387 (8th Cir.1983), (state law determines award of prejudgment interest in diversity action).

Neither side urges that New York law be applied in this matter. Defendants advocate the application of Wisconsin law because some of the parties are Wisconsin residents and many of the relevant events took place there. Plaintiffs press for application of Minnesota law, emphasizing the actions taken in Minnesota and Minnesota's strong regulatory interest in the claims at issue. Under *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408 (1973), the choice between Minnesota and Wisconsin law is a close one. On balance, the court finds it appropriate to apply Minnesota law.

■ Plaintiffs argue that the court should award 9% interest pursuant to *Minn.Stat.* § 549.09; defendants argue that *Minn.Stat.* § 334.01 mandates 6% interest. Neither side has provided any authority to support their positions on this difference. It appears that the Minnesota courts have never addressed this precise issue. In *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, 258 N.W.2d 762 (Minn.1977), however, the Minnesota Supreme Court held that § 549.09 provided for interest from the time a court-appointed referee issued a report until the court's subsequent entry of judgment. For similar reasons, the court finds that *Minn.Stat.* § 549.09 governs the issue at bar. *See also Unique Systems, Inc. v. Zotos International, Inc.*, 622 F.2d 373 (8th Cir.1980) (citing *Pacific Indemnity*) (*Minn.Stat.* § 549.09 governs whether a party is entitled to interest between time of Magistrate's recommended order and entry of judgment).

Accordingly, based on the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that plaintiff's motion for prejudgment interest is granted, and defendants are liable for interest in the amount of $18,115.89 to Louis L. Phillips and in the amount of $3,831.60 to L.L. Phillips Charities, Inc.

LET JUDGMENT BE ENTERED ACCORDINGLY.