**Margaret E. BALE, Plaintiff,**

v.

**DEAN WITTER REYNOLDS, INC., and John B. Benson, Defendants.**

**Janet HAERTEL, Plaintiff,**

v.

**DEAN WITTER REYNOLDS, INC., and John B. Benson, Defendants.**

Nos. 3–85 Civ. 1280, 3–85 Civ. 1679.

United States District Court,
D. Minnesota,
Third Division.

Jan. 30, 1986.

Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. by Thomas F. Nelson, Minneapolis, Minn., for defendants Dean Witter Reynolds, Inc. and John B. Benson.

Robert M. Smith, Minneapolis, Minn., for plaintiffs Margaret E. Bale and Janet Haertel.

## ORDER

ALSOP, Chief Judge.

This matter came before the undersigned on January 10, 1986, upon the motion of defendants Dean Witter Reynolds, Inc. and John B. Benson to dismiss and/or compel arbitration and/or stay litigation in the above-entitled actions. These actions have been consolidated solely for purposes of this joint motion.

## FACTS

Both plaintiffs are individuals who entered into Customer's Agreements with Dean Witter Reynolds through its broker,

John Brady Benson. Each Customer's Agreement contained a standard arbitration clause. The complaints allege that each plaintiff maintained a "trading account" with Dean Witter Reynolds between January, 1980 and June, 1983. The complaints allege that the plaintiffs invested funds in their accounts and that trading activity commenced thereafter. The complaints further allege that the plaintiffs did not understand the way in which trading was conducted, and that the defendants failed to instruct them with regard to such matters, intending to defraud the plaintiffs. Plaintiffs also allege that defendants engaged in excessive trading in the plaintiffs' accounts, and that some of the trades in the plaintiffs' accounts were not suitable to their investment objectives and financial position. Plaintiffs have brought suit in nine counts, alleging violations of Sections 12(1), 12(2), and 17(a) of the Securities Act of 1933; Section 10(b) of the Securities Exchange Act of 1934 and Rules 10b–5 and 10b–16; New York Stock Exchange and National Association Securities Dealers rules; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–64 (1982); and common law theories of fraud, negligence, and violation of fiduciary duties.

Defendants sought initially to dismiss seven of the nine counts in plaintiffs' Original Complaints. Subsequently, plaintiffs filed Amended Complaints, in which they re-allege five of the original nine counts. Plaintiffs do not resist dismissal of the remaining four counts in the Original Complaints. Accordingly, the court will dismiss plaintiffs' claims based upon Sections 12(1), 12(2), 17(a) of the Securities Act of 1933, and violation of New York Stock Exchange and National Association of Securities Dealers rules. Defendants also seek to dismiss plaintiffs' claims based upon Section 10(b) of the Securities Exchange Act of 1934, RICO and common law fraud, for failure to plead these counts with sufficient particularity. *See* Fed.R.Civ.P. 9(b). Defendants also seek dismissal of plaintiffs' RICO claims on the ground that plaintiffs have failed to plead the essential elements of a RICO offense, and that, at least with respect to defendant Dean Witter Reynolds, plaintiffs' RICO claims are improperly pleaded because Dean Witter Reynolds cannot be both the enterprise and the defendant in the same action.

Defendants further request that the court compel arbitration of any claims not dismissed by this order. Finally, defendants ask that the court stay its consideration of any issues neither dismissed nor directed to arbitration until arbitration proceedings in the case are completed.

## DISCUSSION

### I. Dismissal

Defendants contend that defendants' claims based on Section 10(b), RICO, and common law fraud are all based upon claims of fraud. Federal Rule of Civil Procedure 9(b) provides in part:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Defendants argue that plaintiffs' complaints fail to satisfy the requirements of Rule 9(b), and therefore should be dismissed. Rule 9(b), however, must be read in conjunction with Rule 8, which contemplates simplicity and flexibility in pleading. *See, e.g., McGinty v. Beranger Volkswagon, Inc.,* 633 F.2d 226, 229 (1st Cir. 1980); *In re: Longhorn Securities Litigation,* 573 F.Supp. 255, 263 (D.C.Okla.1983); *5 C. Wright & A. Miller, Federal Practice and Procedure,* § 1298, at 406–404 (1969) (hereinafter *Wright and Miller*).

■ If the fraud allegedly involved either a course of conduct occurring over an extended period of time or a series of transactions, it is not necessary to recite, in detail, the fact of each transaction of the fraudulent scheme. *See General Accident Insurance Co. v. Fidelity and Deposit Company,* 598 F.Supp. 1223, 1232 (E.D.Pa. 1984). *Accord Kimmel v. Peterson,* 565 F.Supp. 476, 481–82 (E.D.Pa.1983). The court has now granted plaintiffs leave to amend their complaints. Plaintiffs' Amended Complaints state their fraud alle-

gations with sufficient particularity to give defendants adequate notice and enable them to prepare a responsive pleading.[1] Therefore, plaintiffs' Amended Complaints satisfy the particularity requirements established by Rules 8 and 9(b). *See Wright and Miller*, § 1298, at 415.

■ Defendants further contend that plaintiffs' RICO allegations should be dismissed because plaintiffs have failed to plead the essential elements of a cause of action under the RICO statute. Plaintiffs' Amended Complaint, however alleges the existence of a person, John B. Benson, who conducted a distinct enterprise, the affairs of Dean Witter Reynolds, through a pattern of racketeering activity. Despite the sketchy nature of these allegations, they are sufficient to survive defendants' motion to dismiss at this time. *See* 18 U.S.C. § 1962(c), 1961(1), (3), (4), and (5) (1982). Further consideration of the sufficiency of plaintiffs' allegations is best left to the arbitration panel. *See Land v. Dean Witter Reynolds, Inc.*, 617 F.Supp. 52 (E.D.Va. 1985).

■ Defendants also contend plaintiffs' RICO claim should be dismissed because plaintiffs have alleged that Dean Witter Reynolds is both the enterprise and a defendant for purposes of their RICO allegations. In *Ross v. Omnibusch, Inc.*, 607 F.Supp. 835 (W.D.Mich.1984), the court addressed the same argument. Defendants in that action relied principally on *Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), and asserted that plaintiffs RICO allegations should have been dismissed because they failed to allege an enterprise distinct from the defendants. The court in *Ross* rejected this argument

and concluded that the defendants misstated the holding in *Bennett*. This court believes the same is true of defendants' argument in this case. The Eighth Circuit clearly held in *Bennett* that the "enterprise" alleged in a RICO allegation must be an entity distinct from the "pattern of racketeering" and "person" identified in the allegation. *Bennett*, 685 F.2d at 1059–62. In so holding, however, the Eighth Circuit expressly declined to decide whether the defendants in *Bennett* might have been enterprises. *See id.*, at 1061. Therefore, the RICO enterprise may be a defendant, providing that one or more of the defendants is the "person" who acts upon the enterprise in such a way that the enterprise's affairs are conducted in the pattern of racketeering. *Id.; Ross*, 607 F.Supp. at 838. Accordingly, the court declines defendants' invitation in this action to dismiss plaintiffs' RICO allegations as to Dean Witter Reynolds.

## II. Defendants' Motion to Compel Arbitration

Until last year, courts held consistently that RICO claims were nonarbitrable. *See, e.g., Witt v. Merrill Lynch*, 602 F.Supp. 867 (W.D.Pa.1985); *Jacobson v. Merrill Lynch*, 605 F.Supp. 510 (W.D.Pa.1984); *Universal Marine Ins. Co., Ltd. v. Beacon Ins. Co.*, 588 F.Supp. 735 (W.D.N.Car.1984); *Wilcox v. Ho-Wing Sit*, 586 F.Supp. 561 (N.D.Cal.1984); *S.A. Mineracao Da Trinadade-Samitri v. Utah Int'l Inc.*, 576 F.Supp. 566 (S.D.N.Y.1983), *aff'd*, 745 F.2d 190 (2d Cir.1984) (*Samitri* ). Opinions issued after the Southern District of New York's decision in *Samitri* tended to rely heavily on that case.

---

1. In light of the court's decision to compel arbitration of plaintiffs' RICO and common law fraud claims and to stay its consideration of plaintiffs' 10(b) claims, it would make little sense in any event to dismiss plaintiffs' fraud allegations without prejudice and await their motions to amend the pleadings. *See Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982) (dismissal without prejudice the proper course), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). *See also* Fed.R.Civ.P. 15(a) (leave to amend pleadings "shall be freely given when justice so requires"); *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 695–96 (8th Cir.1979) (pleading rules are interpreted in accord with the principle that the purpose of pleading is to facilitate a proper decision on the merits). Further consideration of the sufficiency of plaintiffs' allegations is best left for the moment to the arbitration panel. *See Land v. Dean Witter Reynolds, Inc.*, 617 F.Supp. 52 (E.D.Va.1985).

■ On January 2, 1986, however, the Southern District of New York reversed itself and concluded that RICO claims are arbitrable. *Brener v. Becker Paribas, Inc.*, 628 F.Supp. 442 (S.D.N.Y.1986). *See West v. Drexel Burnham Lambert Inc.*, Fed.Sec.L.Rep. ¶ 92, 343 (N.D.Ga. September 11, 1985); *Jacobsen v. Merrill Lynch*, No. 84–1844 (W.D.Pa.1985); *Development Bank of the Philippines v. Chemtex Fibers Inc.*, 617 F.Supp. 55 (S.D.N.Y.1985). The court in *Brener* noted that RICO does not include an anti-waiver provision, and there is no indication that Congress intended to exempt RICO claims from the dictates of the Arbitration Act. The court also noted that a strong policy exists in favor of arbitration, and courts are reluctant to disregard the parties' express agreement to arbitrate. Most importantly, the Supreme Court's recent decision in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), implicitly approved the view that RICO is essentially a federal business tort statute. The majority of civil RICO claims today do not impact on the general society or involve vital national interest, in the manner that the *Samitri* court anticipated. For these reasons, the *Brener* court considered it appropriate to compel arbitration of the plaintiff's RICO claims. In light of the evident shift in the prevailing view regarding the arbitrability of RICO claims, and in light of the persuasive force of the Southern District of New York's analysis in the *Brener* decision, this court will grant the defendants' motion to compel arbitration of plaintiffs' RICO claims in this action.

■ Defendants next seek arbitration of plaintiffs' claims based upon Section 10(b) of the Securities Exchange Act of 1934, and Rules 10b–5 and 10b–16. In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that claims brought under the Securities Act of 1933 are nonarbitrable. *Id.* at 438, 74 S.Ct. at 188. In *Surman v. Merrill Lynch, Pierce, Fenner & Smith*, 733 F.2d 59 (8th Cir.1984), the Eighth Circuit noted decisions of other lower federal courts that had

extended the *Wilko* ruling to claims arising under the Securities Exchange Act of 1934. *Id.* at 61. The court agreed with the assumption of the parties and the district court in *Surman* that such claims are nonarbitrable, but did not squarely hold as such. *Id.* The Supreme Court's subsequent decision in *Dean Witter Reynolds, Inc. v. Byrd*, — U.S. —, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), suggests the possibility that further developments may occur in this area. *See id.*, 105 S.Ct. at 1240 n. 1, 1244 (White J. concurring). For the time being, however, the Eighth Circuit's broad reading of *Wilko v. Swan* in *Surman* remains the law in this circuit. *See Phillips v. Merrill Lynch*, No. 4–81–394, (D.Minn. April 11, 1985). Accordingly, the court will deny defendants' motion to compel arbitration of plaintiffs' claims based upon Section 10(b) of the Securities Exchange Act of 1934.

■ Defendants also seek arbitration of plaintiffs' common law claims based upon fraud, negligence, and violation of fiduciary duty. The Supreme Court confronted a similar request in *Dean Witter Reynolds, Inc. v. Byrd*, — U.S. —, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). There the court held that the Arbitration Act requires district courts to compel arbitration of pending arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums. *Id.*, 105 S.Ct. at 1241; *see Surman v. Merrill Lynch, Pierce, Fenner & Smith*, 733 F.2d 59 (8th Cir.1984). Accordingly, this court will compel arbitration of plaintiffs' pending state law claims.

### III. Stay Pending Arbitration

■ Defendants move this court to stay its consideration of plaintiffs' claims based upon Section 10(b) of the Securities Exchange Act of 1934 pending completion of arbitration proceedings. *See* 9 U.S.C. § 3 (1982). Although the federal interests implicated in a suit brought upon Section 10(b) are considered important enough at

this time to preclude arbitration of such claims, *see Surman v. Merrill Lynch*, 733 F.2d at 61, the court need not refuse to stay consideration of plaintiffs' nonarbitrable claims solely out of concern that the preclusive effect of an arbitration proceeding may improperly infringe upon federal interests. Instead, courts may directly and effectively protect federal interests by determining the preclusive effect to be given an arbitration proceeding. *Byrd*, 105 S.Ct. at 1243. As a result, there is no reason for this court to manipulate the ordering of the resulting bifurcated proceedings resulting from this order, simply to avoid an infringement of federal interests. *Id.*, at 1244. Accordingly, the court will stay its consideration of claims brought under Section 10(b) of the Securities Exchange Act of 1934. The parties may continue with such discovery as is provided for by the applicable arbitration rules, but all further discovery will be stayed pending completion of the arbitration proceedings.

Based upon the foregoing, the record as presently constituted, and the submissions and arguments of the parties,

IT IS HEREBY ORDERED That defendants' motion to dismiss Counts I, II, III, and V of plaintiffs' Original Complaint is hereby granted, and these Counts are dismissed.

IT IS FURTHER ORDERED That defendants motion to dismiss plaintiffs' Section 10(b), RICO, and common law fraud claims is respectfully denied.

IT IS FURTHER ORDERED That defendants' motion to compel arbitration of plaintiffs' RICO, common law fraud, common law negligence, and common law breach of fiduciary duty is hereby granted. The parties are directed to submit these claims to arbitration as provided for in the Customer's Agreement.

IT IS FURTHER ORDERED That defendants' motion to compel arbitration of plaintiffs' Section 10(b), Rule 10b–5 and Rule 10b–16 claims is respectfully denied.

IT IS FINALLY ORDERED That defendants' motion to stay plaintiffs' claims

based upon Section 10(b), Rule 10b–5 and Rule 10b–16 pending completion of arbitration proceedings is granted. The parties may continue with such discovery as is provided for by applicable arbitration rules, but all further proceedings in this action will be stayed pending completion of the arbitration proceedings.