**MINNESOTA ODD FELLOWS HOME FOUNDATION, a Minnesota non-profit corporation, Plaintiff,**

**v.**

**ENGLER & BUDD COMPANY, a Minnesota corporation, and Duane F. Anderson, Defendants.**

**Civ. No. 4-85-898.**

United States District Court, D. Minnesota, Fourth Division.

March 3, 1986.

Maher J. Weinstein, Moss & Barnett, P.A., Minneapolis, Minn., and Thomas M. Neuville, Grundhoefer & Neuville, Northfield, Minn., for plaintiff.

J. Patrick McDavitt, Briggs & Morgan, Minneapolis, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Minnesota Odd Fellows Home Foundation, a charitable organization, brought this action against Engler & Budd Co., a broker-dealer, and its employee Duane Anderson, a stockbroker. Plaintiff's amended complaint alleges violations of sections 10(b) and 20 of the Securities Exchange Act of 1934 (the 1934 Act), 15 U.S.C. §§ 78j(b), 78t, fraud, breach of fiduciary duty, negligent misrepresentation, breach of contract, breach of certain securities industry rules, negligent supervision, and violation of the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1961 *et seq.* Plaintiff asserts jurisdiction pursuant to 15 U.S.C. § 78aa, 18 U.S.C. § 1964 and 28 U.S.C. § 1331, and pendent jurisdiction. This matter is now before the court on defendants' motion to compel arbitration or, in the alternative, to dismiss certain counts on various grounds, and on plaintiff's cross-motions to deny or stay arbitration, to amend the complaint,[1] and to compel discovery.

*Background*

In fall 1982, plaintiff opened accounts through defendant Anderson with defend-

---

1. Defendants do not oppose plaintiff's motion to amend. The amended complaint has been con-

sidered in ruling on the pending motions.

ant Engler & Budd. Some time thereafter, the parties signed certain customer agreements containing arbitration clauses. Plaintiff asserts that, without its knowledge or consent, defendants invested its $175,000 in "penny stocks", extremely risky investments inappropriate for a charitable foundation. Plaintiff also alleges that Anderson made numerous and excessive unauthorized purchases and sales of securities, in violation of Engler & Budd's policy against discretionary trading accounts. Plaintiff seeks $155,000 for decrease in the value of their investment, commissions and interest in the amount of $75,000, a "reasonable return of $58,500 in actual damages, treble damages, and $1,000,000 in punitive damages."

*Discussion*

**A. State Law Claims, Counts 3 through 9**

Plaintiff acknowledges that this court must enforce valid agreements to arbitrate state law claims. *See Federal Arbitration Act,* 9 U.S.C. § 1 *et seq.; Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Surman v. Merrill Lynch, Pierce, Fenner & Smith,* 733 F.2d 59 (8th Cir.1984). Plaintiff argues, however, that the arbitration clauses in question are unenforceable because defendants did not fully explain them to plaintiff, the contracts are unconscionable, or defendants fraudulently induced plaintiff to sign the contract containing the clauses.[2]

■ These arguments go to the validity of the contract rather than to the arbitration clause and therefore are not defenses to a motion to compel arbitration, but matters for the arbitrator's consideration. *See*

*Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (fraud in the inducement of the contract is a matter for the arbitrator, not for the courts). *See also Surman,* 733 F.2d at 61 n. 2 (standard brokerage contract arbitration clauses are not inherently unconscionable); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 637 F.2d 391, 398 (5th Cir.1981) (contentions of unconscionability of standard brokerage contracts are for the arbitrator and not the court), cited with approval in *Surman.* The Arbitration Act instructs the court "to order arbitration to proceed at once if it is satisfied that 'the making of the agreement for arbitration or the failure to comply [with the arbitration agreement] is not in issue.'" *Prima Paint,* 388 U.S. at 403, 87 S.Ct. at 1806 (citing 9 U.S.C. § 4). Under the circumstances of this case, arbitration of all state claims should be ordered.

**B. Federal Securities Claims, Counts 1 and 2**

Defendants also seek arbitration of plaintiff's federal securities law claims. Plaintiff argues that such claims are not arbitratable. This issue is virtually identical to one decided by this court in *Phillips v. Merrill Lynch, Pierce, Fenner & Smith,* 623 F.Supp. 493 (D.Minn.1985). *See* Order of April 19, 1985 (declining to compel arbitration of federal securities claims under the 1934 Act in light of the existing authority in the Eighth Circuit, *Surman v. Merrill Lynch, Pierce, Fenner & Smith,* 733 F.2d 59 (8th Cir.1984)). The Eighth Circuit

---

**2.** Plaintiff appears to argue in the alternative that the agreements should be read to apply only a certain kind of transaction between the parties or only to transactions that took place after the signing of the agreements. These arguments ignore the plain language of the agreement itself:

> In consideration of your opening now or in the future or continuing an account or accounts in my name or for me for the purchase or sale of securities and commodities, I agree with you as follows, all my relations and

dealings with you being subject to this agreement:
> . . . .
> All transactions heretofore made or entered on my account or accounts shall be treated as though made under and governed by the terms of this agreement
> . . . .
> If any controversy arises out of this agreement, it shall be determined by arbitration, except where prohibited by law.

Court of Appeals has already heard oral argument on the appeal from that order.[3] Under these circumstances, it is appropriate to await the circuit court's ruling, and so the motion to compel the federal securities claims will be stayed in the meantime.

## C. RICO, Count 10

Defendants have moved to compel arbitration or, in the alternative, to dismiss plaintiff's RICO claim. They argue that plaintiff's allegations fail to satisfy the requirements of a RICO claim in a number of ways. The court need not reach all of the alleged deficiencies.

■■■ 18 U.S.C. § 1962(c) makes it unlawful for "any person employed by or associated with any enterprise ... to conduct or participate ... in the conduct of such enterprise's affairs through a pattern of racketeering activity." Plaintiff alleges that Anderson and Engler & Budd are both "persons" within the meaning of the statute and that Anderson and Engler & Budd constitute an "enterprise." In the Eighth Circuit, it is necessary to allege an "enterprise" separate from the "person" who allegedly associates with the enterprise. *Bennett v. Berg*, 685 F.2d 1053 (8th Cir. 1982), relevant reasoning adopted in 710 F.2d 1361 (8th Cir.1983) (*en banc*), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). A corporation acts only through its agents. It is undisputed that defendant Anderson acted as Engler & Budd's agent when he dealt with plaintiff. Anderson's acts were the acts of Engler & Budd. Plaintiff has failed to allege a separate enterprise and has therefore failed to state a claim under RICO.[4]

## D. Plaintiff's Motion to Stay Arbitration

■■■ Plaintiff asserts that this court must stay any arbitration pending litigation of remaining federal claims. Plaintiff mistakenly relies on *Surman v. Merrill Lynch*, 733 F.2d 59 (8th Cir.1984), for this proposition. The grant of stays in such cases is a matter for the district court's discretion. *See, e.g., City of Bismark v. Toltz, King, Duvall, Anderson and Associates*, 767 F.2d 429, 432 (8th Cir.1985). "Neither a stay of proceedings, nor joined proceedings, is necessary to protect the federal interest in the federal court proceeding." *Dean Witter Reynolds Inc. v. Byrd*, —— U.S. ——, 105 S.Ct. 1238, 1243, 84 L.Ed.2d 158. No good reason has been advanced by arbitration of the state claims should be stayed pending determination of the federal claims. The motion for a stay should be denied.

## E. Defendants' Motion to Stay Federal Proceedings and Plaintiff's Motion to Compel Discovery

Defendants seek a stay of these proceedings, and plaintiff wants discovery compelled. Defendants hope that all claims will be sent to arbitration and wish to avoid expensive discovery in the meantime. Plaintiff is anxious to move forward with its case in court. In light of the existing law in the Eighth Circuit, this court does not believe that all discovery of federal securities claims should be stayed until the Court of Appeals speaks again on the issue of the arbitrability of claims under the 1934 Act. Reasonable discovery should go forward to avoid a long delay in the resolution of these claims. If the parties disagree during the course of discovery as to what constitutes reasonable discovery under the

---

**3.** The Eighth Circuit has also scheduled arguments in two other similar cases. *See People v. Kidder, Peabody & Co.,* 620 F.Supp. 61 (W.D.Mo. 1985) (ordering arbitration of federal securities law claims); *Webb v. Rowland & Co.,* 613 F.Supp. 1123 (E.D.Mo.1985) (denying arbitration of federal securities law claims).

**4.** To the extent that *Nunes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 609 F.Supp. 1055 (D.Md.1985) holds to the contrary, it is incon-

sistent with *Bennett v. Berg.* The circuits are split on whether an "enterprise" must exist distinct from the "person(s)" charged with the RICO offense. *Compare Bennett v. Berg* with *United States v. Hartley,* 678 F.2d 961 (11th Cir.1982) (entity "may be simultaneously both a defendant and the enterprise under RICO"), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983).

circumstances, they may make an appropriate motion.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motion to amend its complaint is granted, and the amended complaint shall be filed.

2. Defendants' motion to compel arbitration of all state law claims is granted. Counts 3, 4, 5, 6, 7, 8, and 9 of the Amended Complaint are stayed pending arbitration in accordance with the provisions of the customer agreements between the parties.

3. Defendants' motion to compel arbitration of federal securities law claims is stayed pending the decision of the Court of Appeals in *Phillips v. Merrill Lynch,* 623 F.Supp. 493 (D.Minn.1985).

4. Defendants' motion to dismiss Count 10 for failure to state a claim is granted, and Count 10 is dismissed.

5. Plaintiff's motion to deny arbitration is denied as moot.

6. Plaintiff's motion to stay arbitration is denied.

7. Defendant's motion to stay federal proceedings is denied.

8. Plaintiff's motion to compel discovery is granted in that the parties are to proceed with reasonable discovery.