621 F.Supp. 48 (1985)
David Lee HOULIHAN, Plaintiff,
v.
John P. SCHMACKER and Smith, Moore and Company, Defendants.
Dennis MEYER, Plaintiff,
v.
John P. SCHMACKER, Defendant.
Nos. 83-159 C(5), 83-1356 C(5).
United States District Court, E.D. Missouri, E.D.
May 3, 1985.
Stuart L. Oelbaum of Newburger and Vossmeyer, St. Louis, Mo., for plaintiffs Houlihan and Meyer.
Kevin F. O'Malley of Bryan, Cave, McPheeters and McRoberts, St. Louis, Mo., for defendant Smith-Moore.
Thomas M. Newmark and Barry A. Short of Lewis and Rice, St. Louis, Mo., for defendant John P. Schmacker.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on defendants' joint motion to compel arbitration (Cause No. 83-0159) and defendant Schmacker's motion to compel arbitration (Cause No. 83-1356). Plaintiffs Houlihan and Meyer have filed responsive pleading(s).
The United States Supreme Court has recently addressed the issue of whether to compel arbitration of pendent state-law claims when the federal court will retain jurisdiction over non-arbitrable federal claims. Dean Witter Reynolds v. Byrd, ___ U.S. ___, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Court unequivocably held that the Arbitration Act (9 U.S.C. §§ 1-14) requires the federal courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel. Id. Even if such action results in separate proceedings in separate forums at different times, the district court must still compel arbitration. Id.
The parties in the present suit entered into a valid and binding written contract to arbitrate any claims that might arise out of their securities transactions. This Court has no choice but to enforce the arbitration agreement with respect to the pendent state-law claim(s).
As to the federal claims, the Supreme Court has clearly held that agreements to arbitrate § 12(2) of the Securities Act of 1933 (15 U.S.C. § 77l(2)) claims are not enforceable. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Although the Supreme Court has not specifically addressed the issue of applicability of Wilko to § 10b and Rule 10b-5 claims, it has questioned such applicability because the provisions of the 1933 and 1934 Acts differ, and unlike § 12(2) of the 1933 Act, § 10(b) and Rule 10b-5 do not expressly create a private cause of action. Dean Witter Reynolds, ___ U.S. ___ n. 1, 105 S.Ct. 1238, 1240 n. 1; Scherk v. Alberto Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d *49 270 (1974). The Eighth Circuit has remained silent on the issue of the arbitrability of the § 10(b) and rule 10b-5 claims.
The Court finds that the spirit and intent of the Arbitration Act, the arbitration agreement(s), and the Dean Witter Reynolds, Wilko and Scherk decisions is best carried out by compelling arbitration of the § 10(b) and Rule 10b-5 claims.
Furthermore, the Court finds that in the best interests of the parties and judicial efficiency, the litigation of the § 12(2) claims will be stayed until such time arbitration of the other claims is concluded or the parties inform the Court of some other disposition of this matter. Accordingly,
IT IS HEREBY ORDERED that defendants' joint motion to compel arbitration and defendant Schmacker's motion to compel arbitration be and are GRANTED.
IT IS FURTHER ORDERED that all other proceedings as regards Count III of the complaints (filed in Cause Nos. 83-159 and 83-1356) are stayed pending the outcome of the arbitration of plaintiffs' claims contained in Counts I, II and IV of the complaints.