**Jan-Olof BLOMQUIST and Vanja Blomquist, Plaintiffs,**

v.

**Douglas CHURCHILL, E. Thomas Byrd, Jr., and Dean Witter Reynolds, Inc., Defendants.**

**Civ. A. No. 85–964–8.**

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 19, 1985.

J. Rutledge Young, Jr., Charleston, S.C., for plaintiffs.

Wm. C. Cleveland, H. Brewton Hagood, Charleston, S.C., Thomas R. Gottshall, Columbia, S.C., for defendants.

## ORDER

BLATT, District Judge.

On October 23, 1985, this matter came before the court for oral argument on defendants' motion to dismiss for failure to state a claim, to compel arbitration, and to stay judicial proceedings. The court ruled at that time on the majority of these matters, but held in abeyance a ruling on a stay of these judicial proceedings and, pending defendants' supplemental briefing, a ruling in the alternative on arbitration of those causes of action that allege violation of the Securities Exchange Act of 1934.[1] After consideration of the parties' memoranda, oral arguments and applicable law, this court rules, for the reasons orally advanced at the hearing of October 23, 1985, and for the reasons stated herein, as follows:

> (1) the defendants' motion to dismiss for failure to state a claim is denied as to the plaintiff's second cause of action alleging a violation of § 15(c)(1) of the 1934 Act, denied as to plaintiff's third cause of action for violation of § 17(a) of the Securities Act of 1933,[2] and granted as to plaintiff's fifth cause of action alleging a violation of the South Carolina Unfair Trade Practices Act;

> (2) the defendants' motion to compel arbitration is denied as to the plaintiffs' federal securities law claims which include the first cause of action for violation of § 10(b) and Rule 10b-5 of the 1934 Act, the second cause of action for violation of § 15(c)(1) of the 1934 Act and the third cause of action for violation of § 17(a) of the 1933 Act.[3] The motion is granted as to the plaintiff's remaining state law claims which include the sixth cause of action for common law fraud; seventh cause of action for negligent misrepresentation; eighth cause of action for negligence and recklessness; ninth cause of action for breach of contract and tenth cause of action for breach of implied contract; and

> (3) the defendants' motion to stay these judicial proceedings pending resolution of the issues sent to arbitration is denied.

During oral argument, the court based its decision to deny arbitration of the causes of action arising under the 1934 Act on the authority of 17 C.F.R. § 240.15c2-2. In essence, this rule prohibits broker-dealers from using predispute arbitration clauses to compel public customers to arbitrate claims arising under the federal securities laws. *See* 48 Fed.Reg. 53404 (1983). The Securities and Exchange Commission's written discussion states that the basis of the rule was the antiwaiver analysis that the United States Supreme Court articulated for the 1933 Act in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the holding and rationale of which "are equally applicable to cases arising under the 1934 Act." 48 Fed.Reg. 53404 (1983) (quoting *First Heritage Corp. v. Prescott, Ball & Turben*, Fed.Sec.L.Rep. (CCH) ¶ 96,328-29 (6th Cir.1983)).

This court continues to be persuaded that 17 C.F.R. § 240.15c2-2 prohibits the de-

---

**1.** Hereinafter the 1934 Act.

**2.** Hereinafter the 1933 Act.

**3.** The plaintiff's fourth cause of action for violation of § 12(2) of the 1933 Act is, of course, nonarbitrable, *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), and defendants have not argued to the contrary.

fendants from compelling arbitration in this case under the predispute arbitration clause contained in its agreement with plaintiffs. In the alternative, however, the court denies defendants' motion to compel arbitration on the basis of persuasive case law [4] that extends the rationale of *Wilko, supra,* for denying compulsory arbitration to causes of action arising under the 1934 Act. *See Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1240 n. 1, 84 L.Ed.2d 158 (1985) (cases cited within footnote). While the defendants contend that the *Wilko* analysis should no longer be extended to claims under the 1934 Act in light of Justice White's criticism of that practice in *Byrd, supra,* 105 S.Ct. at 1244–45 (White, J., concurring), this court prefers to await a more definitive statement from a larger following of United States Supreme Court justices or a ruling from the Fourth Circuit before taking a position that would effectively bar plaintiffs from a Congressionally granted right to judicial resolution of alleged federal securities law violations.

This court, however, is in agreement with Justice White concerning denial of a stay: [5] "[w]hile the impossibility of the lawyers being in two places at once may require some accommodation in scheduling, it seems to me that the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course." *Byrd, supra,* at 1245 (White, J., concurring). The defendants' motion for a stay of these judicial proceedings is denied. It is, therefore,

ORDERED, that the defendants' motion to dismiss for failure to state a claim, to compel arbitration and to stay judicial proceedings is denied in part and granted in part in accordance with this order.

AND IT IS SO ORDERED.

**4.** Since neither the Fourth Circuit Court of Appeals nor the United States Supreme Court has ruled on this issue, this court must rely on persuasive, rather than binding, precedent.

**5.** In *Byrd,* the motion was to stay arbitration of the pendant state law claims pending judicial resolution of a federal law claim; here, in contrast, the motion was to stay judicial proceedings pending arbitration of the state law claims.