781 F.2d 662
 Blue Sky L. Rep. P 72,350
Kristie A. FOGARTY, Appellee,
v.
Richard D. PIPER and Merrill Lynch, Pierce, Fenner & Smith,
Inc., Appellants.
Judy Fogarty ARZT, Appellee,
v.
Richard D. PIPER and Merrill Lynch, Pierce, Fenner & Smith,
Inc., Appellants.
 Nos. 84-5110, 84-5111.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 23, 1985.
Decided Jan. 15, 1986.
 
 James B. Vessey, Minneapolis, Minn., for appellant.
 Robert J. Hennessey, Minneapolis, Minn., for appellee.
 Before ROSS and BOWMAN, Circuit Judges, and OLIVER,* District Judge.
 PER CURIAM.
 
 
 1
 Appellants, Richard Piper and Merrill Lynch, Pierce, Fenner & Smith, Inc. appeal from the May 17, 1984 order of the district court denying their motions to compel arbitration of appellees', Kristie Fogarty and Judy Fogarty Arzt, state securities law claims and to stay judicial proceedings pending arbitration. Following oral argument this court remanded the case to the district court to make findings of fact and conclusions of law pursuant to FED.R.CIV.P. 52(a). Fogarty v. Piper, 767 F.2d 513, 514-15 (8th Cir.1985).
 
 
 2
 Based upon our remand the district court has now certified that the arbitration agreements signed by appellees, and previously thought to be unenforceable, are indeed enforceable under the rule of Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Further, the district court found that appellants have not waived their arbitration rights and that appellees may utilize in the arbitration proceeding any discovery already obtained. In light of these additional findings and the Keating decision, the district court would now, contrary to its original ruling, grant the appellants' motions to compel arbitration and to stay the judicial proceedings pending the outcome of arbitration.
 
 
 3
 We have carefully considered the entire record now before us and conclude, as did the district court on remand, that the original decision to deny arbitration and a stay must be reversed. It is clear under Keating that the parties' agreement to arbitrate is not vitiated by state law and is enforceable under Section 2 of the Federal Arbitration Act, 9 U.S.C. Sec. 2 (1976). Moreover, the district court's finding that appellants have not waived their right to demand arbitration is not clearly erroneous under the circumstances present in this case.
 
 
 4
 Accordingly, the May 17, 1984 order of the district court is reversed and the case is remanded to the district court with directions to order arbitration of appellees' claims and to stay judicial proceedings pending the outcome of such arbitration.
 
 
 
 *
 The HONORABLE JOHN W. OLIVER, Senior United States District Judge for the Western District of Missouri, sitting by designation