SWINK & COMPANY, INC., Appellee,

v.

Jack HERETH, Appellant.

No. 85–1839.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1986.

Decided Feb. 25, 1986.

Phillip W. Campbell, North Little Rock, Ark., for appellant.

Peter G. Kumpe, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.

ROSS, Circuit Judge.

Jack Hereth appeals from the order of the district court denying his motion to stay proceedings and compel arbitration in this securities fraud case. This court has jurisdiction to review the district court's order as an interlocutory appeal. 28 U.S.C. § 1292(a)(1) (1982); *Surman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 733 F.2d 59, 61 (8th Cir.1984). For the reasons set forth below, we reverse the order of the district court and remand with directions to grant Hereth's motion to compel arbitration and stay judicial proceedings pending the outcome of arbitration.

## I. FACTS

This dispute arises out of the issuance of municipal bonds, for which Swink & Company (Swink) and Hereth, Orr & Jones, Inc. (HOJ) were co-managing underwriters. Jack Hereth was the president of HOJ during this venture. On October 5, 1983, approximately a week after the closing of the municipal bond offering, HOJ initiated arbitration proceedings against Swink before the Municipal Securities Rulemaking Board (MSRB). Swink then filed a counterclaim. Both parties alleged breach of contract in connection with the bond issuance.

During the pendency of the MSRB arbitration proceedings, Swink filed suit in federal court against Jack Hereth as an individual, alleging fraudulent conduct in violation of section 10(b) of the Securities Exchange Act and Rule 10b–5. 15 U.S.C. § 78j (1982); 17 C.F.R. § 240.10b–5 (1985). The allegations in Swink's complaint involve Hereth's conduct in connection with the municipal bond transaction between Swink and HOJ. On Hereth's motion, the district court stayed the judicial proceedings pending the outcome of the MSRB arbitration between Swink and HOJ.

The MSRB arbitration hearing took place on February 19, 1985. The MSRB ordered HOJ to pay Swink $251,888.18. HOJ, however, has not paid the award, apparently because it has ceased operations as a securities dealer and has virtually no assets.

On May 21, 1985 Swink filed a motion to lift the stay of judicial proceedings. In response to this motion Hereth filed a motion to dismiss, or, in the alternative, to continue the stay and compel arbitration of Swink's claims against him. On July 2, 1985, the district court denied Hereth's motion, and Hereth now appeals from that order.

## II. DISCUSSION

The United States Supreme Court has recently emphasized that a strong federal policy exists favoring the enforcement of arbitration agreements. *Dean Witter Reynolds Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 1242–43, 84 L.Ed.2d 158 (1985). Congress has enacted this policy into law in the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982). The Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. *Dean Witter,* 105 S.Ct. at 1241.

The arbitration agreement in this matter is found in a rule of the MSRB. The MSRB was created pursuant to statute, 15 U.S.C. § 78o–4(b)(1) (1984), and was authorized to promulgate rules and regulations. The MSRB rules require that every claim "arising out of or in connection with the municipal securities activities of a munici-

pal securities broker or municipal securities dealer" be arbitrated pursuant to its Arbitration Code, MSRB Rule G–35 § .1. All municipal securities brokers and dealers are subject to the Code. MSRB Rule G–35. Brokers and dealers include their associated persons, MSRB Definitional Rules D–11, and associated persons include partners, officers and directors of such brokers and dealers. 15 U.S.C. § 78c(a)(18) (1982).

■ Swink is a broker or dealer and Hereth is an officer of a broker or dealer, and as such is an associated person included in the definition of a broker or dealer. As a claim between brokers and dealers, the MSRB rules would require arbitration of this dispute.

Swink argues that the doctrine of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), governs the present situation and that arbitration of its 10b–5 claims against Hereth cannot be compelled pursuant to the MSRB rules. The *Wilko* doctrine states that arbitration agreements are unenforceable with regard to claims under § 12(2) of the Securities Act of 1933 (1933 Act). The *Wilko* court relied on three statutory provisions: § 14 of the 1933 Act which is the nonwaiver provision; § 12(2); and § 22. 346 U.S. at 431, 434–35, 74 S. Ct. at 184, 186–87. Some courts have held that *Wilko*'s holding and rationale are equally applicable to claims under section 10(b) of the Securities Exchange Act of 1934 (1934 Act). *See, e.g., DeLancie v. Birr, Wilson & Co.,* 648 F.2d 1255, 1258–59 (9th Cir.1981); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moore,* 590 F.2d 823, 827–29 (10th Cir.1978); *Weissbuch v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 558 F.2d 831, 833–35 (7th Cir.1977); *Sibley v. Tandy Corp.,* 543 F.2d 540, 543, and n. 3 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977).

■ We are not persuaded by Swink's argument for the following reasons. First, the applicability of the *Wilko* doctrine to claims brought under the 1934 Act has recently been called into question. *Dean Witter Reynolds Inc. v. Byrd,* 105 S.Ct. 1238, 1244 (White, J., concurring). Second-

ly, there exists a recognized exception to the *Wilko* doctrine when the dispute is intra-industry in nature. Courts have held that claims under federal securities laws between members of national securities exchanges are not precluded from arbitration by reason of the nonwaiver provisions of the Securities Acts. *See N. Donald & Co. v. American United Energy Corp.,* 746 F.2d 666 (10th Cir.1984); *Tullis v. Kohlmeyer & Co.,* 551 F.2d 632 (5th Cir.1977); *Coenen v. R.W. Pressprich & Co.,* 453 F.2d 1209 (2nd Cir.) *cert. denied,* 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972). Lastly, one court has expressly held that *Wilko* is inapplicable to disputes between municipal bond dealers subject to the MSRB. *Halliburton & Associates, Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 445 (11th Cir.1985).

After reviewing the holdings and rationale of these decisions, this court approves their reasoning and views the application of *Wilko* to the present case to be unwarranted. We hold that the *Wilko* doctrine does not override the arbitration proceedings of the MSRB in disputes between municipal securities dealers and associated persons.

Swink, as a broker or dealer, and Hereth as an associated person of a broker or dealer, are subject to the Arbitration Code of the MSRB. Section 28(b) of the 1934 Act provides that "[n]othing in this chapter shall be construed to modify existing law with regard to the binding effect * * * (2) on any municipal securities dealer or municipal securities broker of any action taken pursuant to *a procedure established by the Municipal Securities Rulemaking Board to settle disputes between municipal securities dealers and municipal securities brokers,* * * *."* 15 U.S.C. § 78bb(b) (emphasis added). This provision suggests that Congress intended that the MSRB, and not the federal courts, would settle disputes between municipal bond dealers. *See, Halliburton, supra,* 744 F.2d at 445.

■ In light of the strong national trend favoring arbitration, the inapplicability of the *Wilko* doctrine to this case and the

MSRB rules mandating arbitration of this dispute, we conclude that Swink's claims against Hereth must be arbitrated. We regret that the claims against Hereth were not included in the previous MSRB arbitration; however, that fact does not deter us from compelling additional arbitration at this time.

Accordingly, the order of the district court is reversed and the matter is remanded to the district court with directions to grant Hereth's motion to compel arbitration and to stay judicial proceedings pending the outcome of such arbitration.