**Clarence SCHRINER, Plaintiff,**

v.

**BEAR, STEARNS & CO., Defendant.**

**No. C–86–0683 SAW.**

United States District Court,
N.D. California.

May 27, 1986.

Stephan Dombrink, Dombrink, Kliszew-ski & Johnston, San Leandro, Cal., for plaintiff.

Philip McLeod, Keesal, Young & Logan, San Francisco, Cal., for defendant.

### ORDER

WEIGEL, District Judge.

Defendant has moved for dismissal or, in the alternative, for an order compelling arbitration.

On February 29, 1984, plaintiff, Clarence Schriner, bought five revenue bonds from defendant, Bear, Stearns & Co. They were issued by the California Pollution Control Financing Authority, originating from Solid Waste Transporters, Inc. Before purchasing the bonds, plaintiff signed a Customer Agreement, which provided that any disputes arising out of the transactions would be arbitrated if defendant so elected. Plaintiff paid defendant a total of $25,672.22 for the bonds, including commission. On March 1, 1984, Solid Waste Transporters declared bankruptcy, rendering the bonds almost worthless. Plaintiff claims that various statements made by defendant concerning the value of the bonds were false, and seeks to recover the $25,672.22 that he paid for them, plus punitive damages.

On August 10, 1984, plaintiff brought suit in state court on various common law counts. On April 5, 1985 the state court granted defendant's motion to compel arbitration for all claims. Plaintiff did not seek review of this order, and concedes that his state law claims must be arbitrated.

Plaintiff brought this federal suit on February 14, 1986, alleging four causes of action under the Securities Act of 1933 (1933 Act) and the Securities Exchange Act of 1934 (1934 Act). Counts one and two are brought pursuant to section 12 of the 1933 Act.[1] The third claim is based on section 17(a) of the 1933 Act (hereinafter referred to as "17(a) claim"). Count four is brought under section 10(b) of the 1934 Act (hereinafter referred to as "10(b) claim"). Defendant moves to dismiss the case in its entirety due to the state arbitration order. In the alternative, it moves to stay the action pending the outcome of the state arbitration. Finally, if the other motions are denied, it seeks to compel arbitration of the 10(b) claim and dismissal of the 17(a) claim.

■ Defendant requests that this Court dismiss this action in its entirety because the state court ordered arbitration. It argues that the state court decided that plaintiff had to proceed by way of arbitration only, and that decision should be binding here. Plaintiff asserts that arbitration affords an inadequate remedy for him because he can conduct only limited discovery and cannot recover punitive damages.

The logic underlying defendants motion is that *res judicata* should apply to bar plaintiff from litigating any of his related claims here. Finality of judgments is the purpose underlying *res judicata*. *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). However, that purpose would not be served here because the state court judgment is not final. The arbitration it ordered has not proceeded and, if completed, will be subject to review by the state court. Therefore, the doctrine of *res judicata* does not call for dismissal of the 17(a) claim.

---

1. Defendant moves to dismiss these counts as being untimely. Plaintiff concedes that they should be dismissed.

The state court action cannot be *res judicata* as to the 10(b) claim, as that claim can be brought only in federal court. *Flynn v. State Board of Chiropractic Examiners*, 418 F.2d 668 (9th Cir.1969).

■ Defendant alternatively asserts that actions under § 10(b) of the 1934 Act are arbitrable, and should be arbitrated pursuant to the Customer Agreement. Plaintiff contends that such claims are not arbitrable.

In 1953, the Supreme Court announced *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), holding that arbitration agreements were void insofar as they sought to waive judicial proceedings for claims under § 12 of the 1933 Act. The Court noted that § 14 of the 1933 Act forbade parties from waiving statutory protections afforded by the Act. One such protection was the express provision for private rights of action set forth in § 12.

Twenty-one years later, the Court decided *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). *Scherk* was brought under § 10(b) of the 1934 Act, but in the context of an international securities agreement containing an arbitration clause. The lower court denied defendants' motion to compel arbitration, relying on *Wilko*. The Supreme Court reversed due to the international context of the contract. However it noted in dicta that *Wilko* relied on the express private remedy of § 12 of the 1933 Act, and that there is no such express remedy under § 10(b) of the 1934 Act. Id. at 514, 94 S.Ct. at 2454.

Despite the dicta in *Scherk*, the ruling in Wilko was extended to 10(b) actions in this circuit in *DeLancie v. Birr, Wilson & Co.*, 648 F.2d 1255 (9th Cir.1981). Moreover, every circuit that considered the question also extended *Wilko* to 10(b) claims and refused to apply the *Scherk* dicta outside the international context.[2]

The situation changed in 1985 when the Supreme Court decided *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Court declined to decide whether *Wilko* should be extended to 10(b) actions, and noted that despite the dicta in *Scherk*, *Wilko* retained "considerable vitality" in the federal courts. The Court declined to decide whether *Wilko* should be extended to apply to 10(b) actions, and significantly, noted that the question was an open one. *Id.* 105 S.Ct. at 1240 n. 1. Justice White, in his concurrence, was more direct. Noting that *Wilko* was based on the express right of action in § 12 of the 1933 Act, its holding could not be "mechanically applied" to actions under the 1934 Act. He concluded that the question remained open, and "the contrary holdings of the lower courts must be viewed with some doubt." *Id.* at 1243, 1244 (White, J., concurring).

Since *Byrd*, most courts, and all courts in this circuit that have considered the question in reported opinions, have held that 10(b) actions are arbitrable. A well-reasoned case in point is *Jope v. Bear Stearns & Co.*, 632 F.Supp. 140 (N.D.Cal.1985) (Conti, J.). Judge Conti concluded that in light of *Scherk* and *Byrd*, and the strong national policy favoring arbitration agreements (*see, e.g., Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983)), arbitration should be compelled in 10(b) cases. The Court finds this reasoning persuasive. *DeLancie* is not controlling because the Ninth Circuit has not had an opportunity to reconsider it in light of *Byrd*. *See also Geller v. Nasser*, Fed.Sec. L.Rep. (CCH) ¶ 92,409 (C.D.Cal.1985); *West v. Drexel Burnham Lambert*, Fed.Sec.L.

---

**2.** In 1983, the SEC declared the use of a predispute binding arbitration agreement encompassing claims arising under the federal securities laws to be a fraudulent device. 17 C.F.R. § 240.15c2–2. In SEC Release No. 15984 this rule was said to apply to agreements covering 10(b) claims. However, the rule merely restated the law as it applied universally at that time. Because all courts held that these claims were not arbitrable, it was considered misleading to tell a customer that he was bound by an arbitration agreement. There is no indication that the rule was intended to change the law.

Rep. (CCH) ¶ 92,327 (W.D.Wash.1985); *Marx v. Dean Witter Reynolds, Inc.,* Fed. Sec.L.Rep. (CCH) ¶ 92,311 (C.D.Cal.1985). For cases in other circuits, *see Ross v. Mathis,* Fed.Sec.L.Rep. (CCH) ¶ 92,343 (N.D.Ga.1985); *Jarvis v. Dean Witter Reynolds, Inc.,* Fed.Sec.L.Rep. ¶ 92,278 (D.Vt.1985); *Walch v. Dean Witter Reynolds,* Fed.Sec.L.Rep. (CCH) ¶ 92,060 (M.D. Fla.1985); *but see McMahon v. Shearson/American Express,* 788 F.2d 94 (2d Cir.1986) (holding 10(b) actions not arbitrable).

■ Defendant also asserts that § 17(a) of the 1933 Act affords no private right of action, and thus plaintiff's third cause of action should be dismissed. Plaintiff argues the opposite. This question has been expressly left open by the Supreme Court in *Bateman Eichler, Hill Richards, Inc. v. Berner,* —— U.S. ——, 105 S.Ct. 2622, 2625 n. 9, 86 L.Ed.2d 215 (1985).

Courts in this and other circuits have concluded that Congress intended no private remedy under § 17(a). *Keys v. Wolfe,* ˜09 F.2d 413 (5th Cir.1983); *Greater Iowa Corp. v. McLendon,* 378 F.2d 783 (8th Cir. 1967); *Bruns v. Ledbetter,* 583 F.Supp. 1050 (S.D.Cal.1984); *Hudson v. Capital Management Int'l., Inc.,* 565 F.Supp. 615 (N.D.Cal.1983). This Court rules in accord with those decisions.[3]

Accordingly,

IT IS HEREBY ORDERED as follows:

1. Plaintiff's first two causes of action are dismissed without prejudice.

2. Plaintiff's third cause of action is dismissed with prejudice.

3. As to plaintiff's fourth cause of action, defendant's motion to compel arbitration is granted. Said cause of action shall be arbitrated pursuant to the Customer Agreement.

4. This case is stayed pending resolution of the arbitration ordered herein.

---

**3.** With regard to *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808 (9th Cir.1981), this Court shares the views expressed in *Bruns* and *Hudson, supra.*