**Louis L. PHILLIPS and L.L. Phillips Charities, Inc., Appellees,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and Ben M. Sirianni, Appellants.**

No. 85–5156.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1985.

Decided July 9, 1986.

James Vessey, Minneapolis, Minn., for appellant.

Terence M. Fruth, Minneapolis, Minn., for appellee.

Before ·ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Merrill Lynch, Pierce, Fenner & Smith, Inc. and Ben M. Sirianni appeal from a district court order denying their motion to compel arbitration of claims arising under section 10(b) of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. § 78j(b) (1982), and Rule 10b–5 of the Securities Exchange Commission, 17 C.F.R. § 240.-10b–5 (1985). For the reasons discussed below, we reverse the order of the district court and remand for further proceedings.

## I. BACKGROUND.

Louis L. Phillips opened securities accounts for himself and for L.L. Phillips Charities, Inc. with Merrill Lynch, Pierce, Fenner & Smith, Inc. in October 1978. The accounts were managed by Ben M. Sirianni, a vice president and registered representative of Merrill Lynch.[1] Upon opening the accounts, Phillips signed a standard "Customer Agreement" and a standard "Option Agreement", both of which provided that any controversies relating to the accounts "shall be submitted to arbitration".[2]

In July 1981, Phillips sued Merrill Lynch, charging that its registered representative, Sirianni, executed unauthorized option trades in Phillips' accounts and made various misrepresentations and omissions regarding those trades. Phillips' complaint alleged violations of section 10(b) of the 1934 Act and Rule 10b–5, section 12(2) of the Securities Act of 1933 (1933 Act), 15 U.S.C. § 77*l*(2) (1982), the Minnesota Securities Act, Minn.Stat.Ann. §§ 80A.01 et seq., 80A.03 (West Supp.1986), and state common law.

On March 27, 1985, Merrill Lynch moved, pursuant to the parties' arbitration agreement, to compel arbitration of Phillips' claims arising under section 10(b) of the 1934 Act and Rule 10b–5. The district

---

1. For the sake of simplicity, the defendants-appellants, Merrill Lynch, Pierce, Fenner & Smith, Inc. and Ben M. Sirianni, will hereinafter be referred to as "Merrill Lynch" except where it is necessary to distinguish them. Similarly, the plaintiffs-appellees, Louis L. Phillips and L.L. Phillips Charities, Inc., will be referred to as "Phillips" subject to the same qualification.

2. Paragraph 11 of the Customer Agreement provides as follows:

It is agreed that any controversy between us arising out of your business or this agreement, shall be submitted to arbitration conducted under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc., as the undersigned may elect. If, the controversy involves any security or commodity transaction or contract related thereto executed on an exchange located outside the United States, then such controversy shall, at the election of the undersigned, be submitted to arbitration conducted under the constitution of such exchange or under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. Arbitration must be commenced by ser-

vice upon the other of a written demand for arbitration or a written notice of intention to arbitrate, therein electing the arbitration tribunal. In the event the undersigned does not make such designation within five (5) days of such demand or notice, then the undersigned authorizes you to do so on behalf of the undersigned.

Paragraph 9 of the Option Agreement provides as follows:

Any controversy between us arising out of such option transactions or this agreement shall be settled by arbitration before the National Association of Securities Dealers Incorporated or the New York Stock Exchange or an Exchange located in the United States upon which listed options transactions are executed only. I shall have the right of election as to which of the foregoing tribunals shall conduct the arbitration. Such election is to be by registered mail addressed to Merrill Lynch's head office at 165 Broadway, New York, NY 10006, attention of the Law Department. The notice of election is to be postmarked within five days after the date of your demand to make such election. At the expiration of the five days I hereby authorize Merrill Lynch to make such election on my behalf.

court denied this motion[3] and on May 9, 1985, Merrill Lynch appealed.[4] On appeal, Merrill Lynch contends that the Federal Arbitration Act (Arbitration Act), 9 U.S.C. §§ 1–14 (1982), requires enforcement of the parties' arbitration agreement, and that the 1934 Act does not create an exception to this requirement.

## II. DISCUSSION

The centerpiece provision of the Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In recent years, the Supreme Court has stressed that this provision, and the Arbitration Act as a whole, reflects a strong federal policy favoring the enforcement of arbitration agreements.[5] The Court has indicated that arbitration agreements should be liberally construed, and that any doubt as to the arbitrability of an issue should be resolved in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* —— U.S. ——, 105 S.Ct.

3346, 3353–54, 87 L.Ed.2d 444 (1985); *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1242–43, 84 L.Ed.2d 158 (1985); *Southland Corp. v. Keating,* 465 U.S. 1, 10–16, 104 S.Ct. 852, 858–61, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983).

In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), however, the Supreme Court held a predispute arbitration agreement unenforceable with regard to claims arising under section 12(2) of the 1933 Act. The Court reasoned that a predispute arbitration agreement is void under section 14 of the 1933 Act because it constitutes a stipulation binding the securities customer to waive compliance with a provision of the Act.[6] The provision referred to is the aggrieved party's right to select the judicial forum under section 22(a) of the 1933 Act.[7]

The Court deemed section 22(a) "the kind of 'provision' that cannot be waived" under section 14 by viewing it in conjunction with

---

**3.** Previously, the district court had granted Merrill Lynch's motion to compel arbitration of Phillips' state securities law and state common law claims. These claims were tried before an arbitration panel of the National Association of Securities Dealers, Inc. (NASD). On July 2, 1985, after the present appeal was taken, the NASD arbitration panel issued its award, finding Merrill Lynch liable to Louis L. Phillips in the amount of $930,000 and to L.L. Phillips Charities, Inc. in the amount of $196,700. On July 9, 1985, Phillips filed a motion to confirm the arbitration award and a supplemental motion for prejudgment interest. Merrill Lynch filed a cross-motion for an order vacating, modifying, or remanding the arbitration award. On September 19, 1985, the district court denied Merrill Lynch's motion, granted Phillips' motion confirming the arbitration award, and entered judgment in Phillips' favor on all state law claims. On December 9, 1985, the district court granted Phillips' motion for prejudgment interest. We are informed that the judgment on the state law claims has been paid.

**4.** An order denying a motion to compel arbitration is appealable under 28 U.S.C. § 1292(a)(1)(1982) "as an interlocutory decision refusing an injunction in an action requesting legal relief." *Surman v. Merrill Lynch, Pierce, Fenner & Smith,* 733 F.2d 59, 61 (8th Cir.1984).

**5.** In *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1242–43, 84 L.Ed.2d 158 (1985), the Supreme Court concluded that "[t]he preeminent concern of Congress in passing the [Arbitration] Act was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate * * *." Furthermore, the Court explained that the Arbitration Act was designed to overcome the judiciary's long standing hostility toward agreements to arbitrate. *Id.* at 1241–43, and n. 6.

**6.** Section 14 of the Securities Act of 1933, 15 U.S.C. § 77n (1982), provides:

Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter or of the rules and regulations of the Commission shall be void.

**7.** Section 22(a) of the 1933 Act, 15 U.S.C. § 77v(a) (1982), provides an aggrieved securities customer certain jurisdictional, venue, and service of process advantages, including the right to bring suit "in any court of competent jurisdiction—federal or state—and removal from a state court is prohibited." *Wilko v. Swan, supra,* 346 U.S. at 431, 74 S.Ct. at 184–85.

the substantive right afforded a securities customer in section 12(2). The Court observed that section 12(2) "create[s] a special right to recover for misrepresentation which differs substantially from the common-law action in that the seller is made to assume the burden of proving lack of scienter." *Wilko v. Swan, supra,* 346 U.S. at 431, 74 S.Ct. at 184. It expressed concern that the "effectiveness" of this special right would be "lessened in arbitration as compared to judicial proceedings." *Id.* at 435, 74 S.Ct. at 187. The Court, therefore, concluded that Congress must have intended section 14 to preclude the waiver of a section 22(a) judicial remedy for the section 12(2) right. *Id.* at 437, 74 S.Ct. at 188. In short, the *Wilko* Court decided that Congress, in enacting the 1933 Act, created an exception to the mandate of the Arbitration Act.

A number of courts of appeals have held that *Wilko* extends to claims arising under section 10(b) of the 1934 Act and Rule 10b–5. *E.g., Miller v. Drexel Burnham, Inc.,* 791 F.2d 850, 854 (11th Cir.1986) (per curiam); *McMahon v. Shearson/American Express, Inc.,* 788 F.2d 94, 98 (2d Cir.1986); *De Lancie v. Birr, Wilson & Co.,* 648 F.2d 1255, 1258–59 (9th Cir.1981); *Mansbach v. Prescott, Ball & Turben,* 598 F.2d 1017, 1030 (6th Cir.1979); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moore,* 590 F.2d 823, 827–29 (10th Cir.1978); *Weissbuch v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 558 F.2d 831, 833–35 (7th Cir.1977); *Sibley v. Tandy Corp.,* 543 F.2d 540, 543 n. 3 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977); *Ayres v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 538 F.2d 532, 536 (3d Cir.), *cert. denied,* 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 619 (1976). Recent Supreme Court pronouncements indicate, however, that this remains an open question. *Dean Witter Reynolds Inc. v. Byrd, supra,* 105 S.Ct. at 1240 n. 1; *Id.* at 1244 (White, J., concurring); *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 513–14, 94 S.Ct. 2449, 2454–55, 41 L.Ed.2d 270 (1974).[8]

In the present case, the district court concluded, relying on its interpretation of this court's opinion in *Surman v. Merrill Lynch, Pierce, Fenner & Smith,* 733 F.2d 59 (8th Cir.1984), that *Wilko* is to be read broadly. Therefore, the district court denied Merrill Lynch's motion to compel arbitration of Phillips' section 10(b) and Rule 10b–5 claims.[9]

---

**8.** Since *Byrd* there has been considerable ferment in the federal district courts regarding the arbitrability of claims arising under section 10(b) and Rule 10b–5. Some courts, following Justice White's concurrence, have held such claims to be arbitrable. *E.g., Schriner v. Bear, Stearns & Co.,* 635 F.Supp. 373 (N.D.Cal.1986); *Steinberg v. Illinois Co., Inc.,* 635 F.Supp. 615 (N.D.Ill.1986); *Fisher v. Prudential-Bache Securities, Inc.,* 635 F.Supp. 234 (D.Md.1986); *Bob Ladd, Inc. v. Adcock,* 633 F.Supp. 241 (E.D. Ark.1986); *Shotto v. Laub,* 632 F.Supp. 516 (D.Md.1986); *Jope v. Bear Stearns & Co.,* 632 F.Supp. 140 (N.D.Cal.1985); *Sacks v. Dean Witter Reynolds Inc.,* 627 F.Supp. 377 (C.D.Cal. 1985); *Prawer v. Dean Witter Reynolds, Inc.,* 626 F.Supp. 642 (D.Mass.1985); *West v. Drexel Burnham Lambert, Inc.,* 623 F.Supp. 26 (W.D.Wash. 1985); *Houlihan v. Schmacker,* 621 F.Supp. 48 (E.D.Mo.1985); *Peele v. Kidder, Peabody & Co., Inc.,* 620 F.Supp. 61 (W.D.Mo.1985); *Land v. Dean Witter Reynolds, Inc.,* 617 F.Supp. 52 (E.D. Va.1985); *Gerhardstein v. Shearson/American Express, Inc.,* [Current] Fed.Sec.L.Rep. (CCH) ¶ 92,512 (N.D. Ohio March 3, 1986); *Rockoff v. Shearson Lehman/American Express, Inc.,* [Current] Fed.Sec.L.Rep. (CCH) ¶ 92,513 (S.D.Fla. Feb. 12, 1986); *Frye v. Paine Webber Jackson & Curtis,* [Current] Fed.Sec.L.Rep. (CCH) ¶ 92,516 (N.D.Tex. Dec. 26, 1985). Other courts have continued to conclude that *Wilko* applies to 1934 Act claims and therefore have held that such claims are not arbitrable. *E.g., Shapiro v. Merrill Lynch & Co.,* 634 F.Supp. 587 (S.D.Ohio 1986); *Bustamante v. Rotan Mosle, Inc.,* 633 F.Supp. 303 (S.D.Tex. 1986); *Blomquist v. Churchill,* 633 F.Supp. 131 (D.S.C.1985); *Bale v. Dean Witter Reynolds, Inc.,* 627 F.Supp. 650 (D.Minn.1986); *Levendag v. Churchill,* 623 F.Supp. 620 (D.S.C.1985). *See also* Palmer, *Arbitration of Securities Complaints,* Nat'l L.J., Dec. 9, 1985, at 15, col. 1.

Merrill Lynch contended at oral argument that two-thirds of the federal district courts that have considered the issue have held that claims arising under section 10(b) and Rule 10b–5 are arbitrable.

**9.** Phillips contends that Merrill Lynch has waived any right to compel arbitration of claims arising under section 10(b) and Rule 10b–5 because of its delay in seeking arbitration and its active participation in this lawsuit. The district court concluded that Merrill Lynch's motion

On appeal, Merrill Lynch contends, relying on language in *Byrd* and *Scherk*, and on the strong federal policy favoring arbitrability, that *Wilko* does not apply to claims arising under section 10(b) and Rule 10b–5. Merrill Lynch argues that the Arbitration Act requires enforcement of its predispute arbitration agreement with Phillips, and that the 1934 Act does not create an exception to this requirement. We agree.[10]

In *Scherk v. Alberto-Culver Co., supra,* 417 U.S. at 513–14, 94 S.Ct. at 2454–55, the Supreme Court, without deciding the issue, questioned the applicability of *Wilko* to section 10(b) and Rule 10b–5 claims.[11] Last term, in *Dean Witter Reynolds Inc. v. Byrd, supra,* 105 S.Ct. at 1240 n. 1, the Court briefly reviewed the arguments raised in *Scherk,* yet concluded that the issue was not properly before it. In a separate concurrence, however, Justice White compared the 1933 and 1934 Acts and concluded that the extension of *Wilko*'s reasoning to 1934 Act claims "is a matter of substantial doubt." *Dean Witter Reynolds Inc. v. Byrd, supra,* 105 S.Ct. at 1244 (White, J., concurring).[12]

We observe that although the 1934 Act contains a non-waiver provision, section 29(a),[13] virtually identical to section 14 of the 1933 Act, counterparts of the other two provisions relied on by the *Wilko* Court

"are imperfect or absent altogether." *Dean Witter Reynolds Inc. v. Byrd, supra,* 105 S.Ct. at 1244 (White, J., concurring). The jurisdictional provision of the 1934 Act, section 27, 15 U.S.C. § 78aa (1982), is narrower than section 22(a) of the 1933 Act. Section 27 requires a plaintiff to bring his or her action exclusively in federal court, while section 22(a) allows suit in federal or state court and prevents removal from a state court. *See supra* note 7, at 5. As the Supreme Court noted, compared to section 22(a) of the 1933 Act, section 27 of the 1934 Act "significantly restrict[s] the plaintiff's choice of forum." *Scherk v. Alberto-Culver Co., supra,* 417 U.S. at 514, 94 S.Ct. at 2455 (footnote omitted).

Moreover, a plaintiff's cause of action under section 10(b) and Rule 10b–5 differs in important respects from his or her cause of action under section 12(2). *Berger v. Bishop Investment Corp.,* 695 F.2d 302, 308 (8th Cir.1982). First, the section 10(b) and Rule 10b–5 private cause of action is implied rather than express. *Herman & MacLean v. Huddleston,* 459 U.S. 375, 380 & nn. 9–10, 103 S.Ct. 683, 686 & nn. 9–10, 74 L.Ed.2d 548 (1983). Second, unlike in a section 12(2) action, the plaintiff in an action under section 10(b) and Rule 10b–5 bears the burden of proving scienter. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185,

---

was timely in light of the recent Supreme Court decision in *Dean Witter Reynolds Inc. v. Byrd, supra.* We agree with the district court's conclusion under the circumstances present in this case. *See Fogarty v. Piper,* 781 F.2d 662, 663 (8th Cir.1986); *see also Fisher v. A.G. Becker Paribas, Inc.,* 791 F.2d 691, 698 (9th Cir.1986); *Rush v. Oppenheimer & Co.,* 779 F.2d 885, 887 (2d Cir.1985). We note that a court should resolve in favor of arbitration "any doubts concerning * * * an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

**10.** The Securities Industry Association, as *amicus curiae,* urges us to reassess the vitality of *Wilko* itself. Of course, we reject their invitation as that type of review is not the function of the federal appellate courts.

**11.** Justice Douglas, however, in a dissenting opinion joined by Justices Brennan, White and Marshall, reasoned that *Wilko* extends to 1934

Act claims. *Scherk v. Alberto-Culver Co., supra,* 417 U.S. at 524–34, 94 S.Ct. at 2459–64 (Douglas, J., dissenting).

Justice White's concurrence in *Byrd* suggests that he has changed his mind. *Dean Witter Reynolds Inc. v. Byrd, supra,* 105 S.Ct. at 1244–45 (White, J., concurring).

**12.** Justice White did agree with the majority that the issue of whether 1934 Act claims are arbitrable was not properly before the Court. *Dean Witter Reynolds Inc. v. Byrd, supra,* 105 S.Ct. at 1244 (White, J., concurring).

**13.** Section 29(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(a) (1982), provides:

Any condition, stipulation or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any rule of an exchange required thereby shall be void.

190, 193, 96 S.Ct. 1375, 1379–80, 1381, 47 L.Ed.2d 668 (1976); *Harris v. Union Electric Co.,* 787 F.2d 355, 362 (8th Cir.1986).[14]

The Supreme Court's decision in *Wilko* rested, at least in part, on the "special" nature of the section 12(2) right, so described because it is expressly created by Congress and "differs substantially from the common-law action in that" a securities customer is not required to prove scienter to recover. *Wilko v. Swan, supra,* 346 U.S. at 431, 74 S.Ct. at 184–85. As we have observed, the section 10(b) and Rule 10b–5 cause of action lacks both of these attributes.

Based on these differences between the 1933 and 1934 Acts, and on the strong federal policy favoring enforcement of arbitration agreements, we conclude that *Wilko's* holding and rationale does not extend to claims arising under section 10(b) of the 1934 Act and Rule 10b–5. The non-waiver

provision of the 1934 Act, section 29(a), simply does not override the Arbitration Act in the same manner as section 14 of the 1933 Act when it is not buttressed by special rights and broad jurisdictional provisions similar to those found in the 1933 Act.[15] As Justice White stated, *"Wilko's* solicitude for the federal cause of action— the 'special right' established by Congress, 346 U.S. at 431, 74 S.Ct. at 184—is not necessarily appropriate where the cause of action is judicially implied and not so different from the common law action." *Dean Witter Reynolds Inc. v. Byrd, supra,* 105 S.Ct. at 1244 (White, J., concurring). We hold, then, that Congress has not evinced an intention to preclude the waiver of judicial remedies for the section 10(b) and Rule 10b–5 rights at issue here.[16] Therefore, we reverse the order of the district court and remand for further proceedings consistent with this opinion.[17]

**14.** "Imposition of liability under Section 12(2) * * * requires no showing of scienter, but rather permits recovery upon proof of a negligent misstatement or omission." *Berger v. Bishop Investment Corp.,* 695 F.2d 302, 308 (8th Cir. 1982); *see also* L. Loss, Fundamentals of Securities Regulation 1021–29 (1983).

**15.** *See* Katsoris, *The Arbitration of a Public Securities Dispute,* 53 Fordham L.Rev. 279, 297– 301 (1984).

**16.** As support for its contention that 1934 Act claims are not arbitrable, Phillips argues that arbitration is less effective than adjudication in enforcing a plaintiff's rights under the 1934 Act. We believe that this argument, if it has any validity, is largely beside the point. Congress, through the Arbitration Act, as well as the Supreme Court have expressed increased approval for the use of arbitration rather than adjudication. *See supra* p. 1395. The question here is whether Congress has created an exception to the mandate of the Arbitration Act for a plaintiff's judicially implied section 10(b) and Rule 10b–5 rights. We conclude that it has not.

*See also* Katsoris, *supra* note 15, at 283–91, 309–14 (discussing securities arbitration procedures).

**17.** Phillips raises two additional arguments which require only brief mention.

First, Phillips appears to argue that Securities and Exchange Commission (SEC) Regulation 15c2–2, 17 C.F.R. § 240.15c2–2 (1985), and related SEC "interpretive releases" either bar enforcement of the arbitration agreement at issue

here or indicate that *Wilko* extends to 1934 Act claims. We disagree. SEC Regulation 15c2–2 provides, in pertinent part:

(a) It shall be a fraudulent, manipulative or deceptive act or practice for a broker or dealer to enter into an agreement with any public customer which purports to bind the customer to the arbitration of future disputes between them arising under the Federal securities laws, or to have in effect such an agreement, pursuant to which it effects transactions with or for a customer.

As Merrill Lynch points out, this regulation has no direct impact on the present case because it was adopted and promulgated after the contracts between Merrill Lynch and Phillips were executed. Furthermore, we conclude that in adopting Regulation 15c2–2 the SEC intended only to reflect what it believed to be a settled principle of law (i.e. that predispute arbitration agreements are unenforceable under both the 1933 Act and the 1934 Act). As this opinion indicates, the SEC was mistaken.

Second, Phillips, relying on one ambiguous sentence in a House Conference Report, argues that in enacting the 1975 amendments to the federal securities laws, Congress ratified the application of *Wilko* to the 1934 Act. H.R.Rep. No. 94–229, 94th Cong., 1st Sess. 111 (1975), *reprinted in part in* 1975 U.S.Code Cong. & Ad. News 179, 321, 342; Securities Acts Amendments of 1975, Pub.L.No. 94–29, 89 Stat. 97. We reject this argument. *Cf. Hirschey v. F.E. R.C.,* 777 F.2d 1, 7–8 (D.C.Cir.1985) (Scalia, J., concurring) (criticizing routine deference to the detail of congressional committee reports).

The decision in *Swink & Co. v. Hereth,* 784 F.2d 866 (8th Cir.1986), lends support for our holding here. *Swink* suggests that the reach of *Wilko* should be contained, rather than expanded. The case concerned a dispute arising out of the issuance of municipal bonds, for which Swink & Company, Inc. and Hereth, Orr & Jones, Inc. were co-managing underwriters. This court held that the *Wilko* doctrine does not override the arbitration proceedings of the Municipal Securities Rulemaking Board in disputes between municipal bond dealers and associated persons. *Swink & Co. v. Hereth, supra,* 784 F.2d at 868; *see also Halliburton & Associates, Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 445 (11th Cir.1985).

Recently, however, the Second Circuit, in the first post-*Byrd* appellate court decision to consider the issue, held that claims arising under section 10(b) and Rule 10b–5 are not arbitrable. *McMahon v. Shearson/American Express, supra,* 788 F.2d at 98. The court pointed to the similarity of the non-waiver provisions of the 1933 and 1934 Acts, as well as the strong public policy concerns inherent in the federal securities laws, as support for its decision. *Id.* at 98. The court acknowledged that *Byrd* and *Scherk* have cast doubt in this area, yet concluded that it was bound by "clear judicial precedent in this Circuit" holding that *Wilko*'s reasoning extends to 1934 Act claims. *Id.*[18]

We are faced, however, with no analogous Eighth Circuit precedent. Despite Phillips' argument to the contrary, *Surman v. Merrill Lynch, Pierce, Fenner & Smith, supra,* is not an exception. In that case, we noted that "[l]ower federal courts have * * * held with consistency that *Wilko* applies * * * to claims arising under the Securities Exchange Act of 1934." *Surman v. Merrill Lynch, Pierce, Fenner & Smith, supra,* 733 F.2d at 61. In *Surman,* however, the question of whether section 10(b) and Rule 10b–5 claims are arbitrable was not before the Court because the appellants did not move to compel arbitration of their 1934 Act claims. *Id.* at 60. Thus, the remarks in *Surman* constitute merely observations on the state of the law and are purely dicta. Today, however, the question is before us, and we hold that predispute arbitration agreements are enforceable with regard to claims arising under section 10(b) of the 1934 Act and Rule 10b–5.

## III. CONCLUSION

Accordingly, we reverse the order of the district court and remand for further proceedings consistent with this opinion.

With regard to the remand, we observe from written materials furnished us by the parties that an arbitration award has been issued on Phillips' state law claims. *See supra* note 3. The arbitration award may well bar further proceedings by Phillips on the basis of issue preclusion, full satisfaction of claims or for other reasons. This court on the present record has no way of knowing whether Phillips may properly seek an additional or supplementary judgment on its federal securities claims. However, we presume that such issues which may arise from the effect of the state

---

**18.** In a very recent decision, the Eleventh Circuit, relying simply on pre-*Byrd* precedent within that Circuit, also concluded that 1934 Act claims are not arbitrable. *Miller v. Drexel Burnham, Inc.,* 791 F.2d 850, 854 (11th Cir.1986) (per curiam). The only discussion of this issue in the court's brief per curiam opinion is as follows:

> [W]e must vacate that portion of the district court order which compels arbitration of the 1934 Act fraud claim. Under the rule of [*Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023, 1025–26 (11th Cir. 1982)], no claims based on the federal securities acts are arbitrable. Nothing in *Dean Witter v. Byrd* holds otherwise since the Supreme Court expressly declined to reach the arbitrability of 1934 Act claims. See *Byrd, supra* at 1240 n. 1. *Belke* remains the law of this circuit * * *.

*Id.*

See also *Smoky Greenhaw Cotton Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 785 F.2d 1274, 1275 n. 1 (5th Cir.1986) (post-*Byrd* decision observing in dicta that "this Court and many other lower courts consistently have extended *Wilko's* reasoning to the 1934 Act").

arbitration award on the federal claims will be considered on remand.

Finally, we observe that the federal appellate courts, in the absence of precedent in their own circuit, tend to rely on precedent in other circuits. Ordinarily, then, in deciding a case of this kind, we would defer to the opinion of another circuit, such as rendered by the Second Circuit in *McMahon*, and avoid creating a conflict within the circuits. We believe, however, that the Supreme Court's opinions in *Scherk* and *Byrd* have invited a reexamination of the applicability of *Wilko* to claims arising under section 10(b) of the 1934 Act and Rule 10b–5. Because we are not bound by the precedents of other circuits, we are free to make a new assessment of this issue. We have made that assessment, and now create a conflict within the circuits. We assume the Supreme Court will eventually decide this question.

ROSS, Circuit Judge, dissenting.

I respectfully dissent. I cannot agree with the majority's holding that predispute arbitration agreements are enforceable with regard to claims arising under section 10(b) of the 1934 Act and Rule 10b–5. I adhere to the position that *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) applies and therefore precludes arbitration of such federal securities claims.

I take this position for three reasons. First, *Wilko* is still good law, and as the majority points out, eight circuits have extended it to 1934 Act claims. *See ante* p. 6. Moreover, neither *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) nor *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) hold that *Wilko* would not apply in the context of a section 10(b) or Rule 10b–5 claim. Second, in my judgment the similarity of the nonwaiver provisions of the 1933 Act and the 1934 Act is of critical importance because I view

section 14 of the 1933 Act to be the lynchpin of the *Wilko* analysis. Third, the policy considerations which underlay *Wilko*, *see* 346 U.S. at 435–37, 74 S.Ct. at 186–88, apply to the 1934 Act claims as well.

Because of the absence of clear precedent in this circuit,[1] I would give deference to the decisions of the Second Circuit in *McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94, 98 (2d Cir.1986) and the Eleventh Circuit in *Miller v. Drexel Burnham, Inc.*, 791 F.2d 850 (11th Cir.1986) (per curiam) and hold that claims under section 10(b) and Rule 10b–5 are not arbitrable. Accordingly, in the instant case I would affirm the order of the district court denying the motion to compel arbitration of the claims arising under the 1934 Act.

---

1. I do not view *Swink & Co. v. Hereth*, 784 F.2d 866 (8th Cir.1986) as support for the majority's position because it is clearly distinguishable. *Wilko* was inapplicable in *Swink* because it in-

volved a dispute between municipal bond dealers and associated persons subject to the arbitration proceedings of the Municipal Securities Rulemaking Board. *Id.* at 868.