**J.C. BRAGER CO., INC., Plaintiff,**

v.

**Eli CHESEN and Peggy Chesen, Defendants.**

**No. 4:98CV3051.**

United States District Court, D. Nebraska.

March 18, 1998.

Mark A. Christensen, Cline, Williams, Wright, Johnson & Oldfather, Lincoln, NE, for Plaintiff.

Edward H. Tricker, Craig C. Dirrim, Woods & Aitken, Lincoln, NE, for Defendants.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Pursuant to 9 U.S.C. § 9, Plaintiff has filed a motion to confirm an arbitration award entered by the Construction Industry Arbitration Tribunal ("Tribunal") on June 2, 1997 (filing 1). Consistent with such award, plaintiff J.C. Brager Co., Inc., paid by check the $1,621.00 awarded to Defendants, but the defendants have failed to pay J.C. Brager Co., Inc., the $12,315.00 awarded on J.C. Brager Co., Inc.'s amended counterclaim. Defendants have not responded to Plaintiff's motion by brief or otherwise.

The construction contract between the parties (filing 2, ex. G, art. 15.8) provides that all claims and disputes between the parties shall be decided by arbitration, and that the award rendered by the arbitrators shall be final and "judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof." Section 9, Title 9, of the United States Code allows parties to an arbitration agreement to apply for confirmation of an arbitration award to the United States court in the district in which an arbitration award is made. Upon notice to the adverse party of the application to confirm arbitration award, such court "shall have jurisdiction of such party as though he had appeared generally in the proceeding."

The arbitration award in this matter was made in Lincoln, Nebraska. The certificate of service on Plaintiff's motion to confirm arbitration award indicates that notice of such motion has been provided to counsel for Defendants pursuant to the requirements of 9 U.S.C. § 9.

Accordingly, consistent with the terms of the parties' agreement to arbitrate and the language of 9 U.S.C. § 9, I shall enter an order confirming the June 2, 1997, award of $12,315.00 entered by the Construction Industry Arbitration Tribunal on plaintiff J.C. Brager Co., Inc.'s amended counterclaim.

### Prejudgment Interest

Plaintiff also requests an award of prejudgment interest from the date of the arbitration award until the date of this court's judgment at the rate allowed by Nebraska law. Neb.Rev.Stat. §§ 45–103.02(2) & 45–104 (Michie 1995) (interest at rate of 12 percent per annum accrues on unpaid balance of liquidated claims from date cause of action arose until rendition of judgment). Again, Defendant has not submitted any response to this request.

As a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of money which was legally due. Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and,

where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation. Thus, prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.

*Stroh Container Co. v. Delphi Industries, Inc.,* 783 F.2d 743, 752 (8th Cir.1986) (in appeal from judgment confirming arbitration award and granting post-award, prejudgment interest, court affirmed interest award and assumed that use of the state statutory prejudgment interest rate was correct for purposes of appeal, as the parties did not dispute the rate, but the equity of making such an award at all) (citations omitted).

■ Other district courts within the Eighth Circuit have used the prejudgment interest rate provided by state statute in making prejudgment interest awards. *Lich v. Cornhusker Casualty Co.,* 774 F.Supp. 1216, 1222–23 (D.Neb.1991) (prejudgment interest awarded at 12 percent rate provided in Neb.Rev.Stat. § 45–104 in case arising under the Packers and Stockyards Act of 1921, 7 U.S.C. § 181, *et seq.*); *Phillips v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 623 F.Supp. 493, 494 (D.Minn.1985) (Murphy, J.) (plaintiffs' request for prejudgment interest from date of arbitration award to date district court confirmed arbitration award and entered judgment granted; court held that while Federal Arbitration Act provides mechanism for arbitration, "a federal court's confirmation of an arbitration award sett[l]ing state law claims is no different in effect from a federal court judgment based on diversity or pendent jurisdiction. Thus, state law governs the rate of prejudgment interest in this case.").

I shall grant Plaintiff's request for prejudgment interest from the date of the arbitration award to the date of this court's judgment confirming such award because: (1) the arbitration award to which Plaintiff is entitled is capable of ascertainment; (2) an award of $12,315.00 to Plaintiff would fall short of making Plaintiff whole because Plaintiff has been denied the use of money which was legally due since June 2, 1997;

and (3) the court has been presented with no exceptional or unusual circumstances making the award of prejudgment interest inequitable in this case. Further, based on the above-cited authorities, I shall award prejudgment interest at a rate of 12 percent pursuant to Neb.Rev.Stat. §§ 45–103.02(2) & 45–104 (interest at rate of 12 percent per annum accrues on unpaid balance of liquidated claims from date cause of action arose until rendition of judgment).

■ Further, I shall award post-judgment interest at the rate of 5.407 percent pursuant to 28 U.S.C. § 1961(a) (interest allowed on any civil money judgment recovered in district court to be calculated from date of entry of judgment at rate equal to coupon yield of United States Treasury bills). *See Weitz Co., Inc. v. Mo–Kan Carpet, Inc.,* 723 F.2d 1382, 1385–87 (8th Cir.1983) (in diversity contract dispute, 28 U.S.C. § 1961(a) governed award of post-judgment interest, while state law governed award of prejudgment interest).

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to confirm arbitration award (filing 1) is granted;

2. The June 2, 1997, award of $12,315.00 entered by the Construction Industry Arbitration Tribunal on plaintiff J.C. Brager Co., Inc.'s amended counterclaim is confirmed; and

3. Judgment shall be entered by separate document providing that judgment in the amount of $12,315.00 is hereby entered in favor of J.C. Brager Co., Inc., including prejudgment interest at the rate of 12 percent from June 2, 1997, to the date immediately preceding this judgment, and post-judgment interest from the date of this judgment at the rate of 5.407 percent.